■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS A. BARONE, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant stands convicted, as an accessory (Penal Law § 20.00), of murder in the second degree (Penal Law § 125.25 [3]), burglary in the first degree (Penal Law § 140.30) and robbery in the first degree (Penal Law § 160.15). Among several issues raised on appeal, he argues that the

testimony of accomplices was not corroborated and that the evidence is, therefore, insufficient to sustain his conviction; that the Trial Judge should have recused himself from presiding over the trial; and that his electronically taped statement should not have been received in evidence.

The victim, who died of suffocation, was an elderly female occupant of a home located next door to the home of defendant in the City of Dunkirk. At trial, defendant's accomplices, Cain and Salgado, testified that they had entered and burglarized the victim's home, and that during the course thereof they tied and gagged her. They asserted that defendant had planned the burglary, had solicited their participation and that during the several hours immediately preceding the crimes the plans were finalized during discussions with defendant in his home. They further testified that defendant provided them with materials to assist them in the burglary, and that immediately upon leaving the victim's home they met with defendant who drove them to Cassadaga, New York, where they shared the fruits of the crimes with defendant.

CPL 60.22 (1) bars conviction "upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." Evidence tending to connect the defendant with commission of the crime must be from an independent source and of such quality as to reasonably satisfy a jury that the accomplice is telling the truth (*People v Moses,* 63 NY2d 299). Here, a number of witnesses testified that the defendant and the accomplices were together near the scene of the crime prior to its commission, and that defendant and his daughter were seen in defendant's automobile with two individuals shortly after the burglary. Another witness asserted that on the day prior to the crime defendant, in the presence of the accomplices, told him that "they were planning something" and asked the witness to join them. Moreover, the statement given by the defendant to the police closely corresponds with the details of the crime given by the accomplices and is compellingly corroborative of the accomplices' testimony (*see, People v Farruggia,* 61 NY2d 775; *People v Burgin,* 40 NY2d 953). We conclude, therefore, that there was ample corroboration of the accomplice testimony.

Nor is there any merit to defendant's argument that the Trial Judge should have recused himself because prior to defendant's arrest defendant gave a statement to the Judge and thereafter search warrants were issued by the Judge. The statement was excluded from use at trial, and it is patent that the Judge had no interest in this case and there was no showing of partiality (*see,*

Code of Judicial Conduct, Canon 3 [C] [1]), or bias or base motive on the Judge's part (*see, State Div. of Human Rights v Merchants Mut. Ins. Co.,* 59 AD2d 1054). Additionally, recusal was not required by Judiciary Law § 14.

Similarly without merit is defendant's objection to the admission of his electronically taped statement. A proper foundation was laid showing that the tape was genuine and had not been altered (*People v McGee,* 49 NY2d 48, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Arena,* 48 NY2d 944).

We have reviewed all other issues raised by defendant and find them to be without merit. (Appeal from judgment of Chautauqua County Court, Adams, J. — murder, second degree.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.