■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAKE PETERSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession and sale of cocaine and unlawful possession of marihuana, all stemming from a drug transaction with an undercover Federal DEA agent. At trial, the undercover agent testified that he wore a body wire and that his conversations with defendant were recorded. The agent further testified that he listened to the entire recording and that the audible portions fairly and accurately reflected the conversations that occurred. Defendant objected to admission of the tape cassette on the ground of improper foundation. The trial court did not err by admitting the tape recording

into evidence. "A foundation may be established by a participant to the conversation who testifies that the conversation has been accurately and fairly reproduced" *(People v McGee,* 49 NY2d 48, 60, *cert denied sub nom. Waters v New York,* 446 US 942; *see also, People v Barone,* 109 AD2d 1075, 1077). It is not necessary to establish a chain of custody for the admission of tape recordings. "The infirmities concerning chain of custody or inaudibility properly go to the weight of the evidence, not its admissibility" *(People v McGee, supra,* at 60).

We also reject defendant's contention that the trial court erred by denying his request for a missing witness charge. Defense counsel possessed information prior to trial bearing on the missing witness issue, but failed to raise the issue until the close of defendant's case. Defendant's challenge was untimely *(see, People v Gonzalez,* 68 NY2d 424, 427-428; *People v Ruiz,* 176 AD2d 683, 684, *lv denied* 79 NY2d 952). Moreover, defendant failed to show that the witness could provide noncumulative testimony on a material issue in the case *(see, People v Robinson,* 174 AD2d 998, 1000, *lv denied* 78 NY2d 1014).

There is no merit to defendant's contentions that the People's evidence was legally insufficient to support the jury verdict and that defendant was denied effective assistance of counsel. We also conclude, upon a review of the record, that the jury verdict is not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.