(January 9, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO VALDEZ-RODRIGUES, Also Known as CAKE, Appellant. [652 NYS2d 797] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 30, 1994, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (three counts).

Defendant was indicted on one count of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree. The charges stem from incidents occurring in June 1992 at 42 Clinton Street in the City of Albany when defendant, together with Cindy Colon, was arrested. Defendant was found guilty of all four counts and was sentenced as a persistent felony offender to a prison term of $12^{1}/_{2}$ to 25 years on each count, to be served concurrently. Defendant appeals.

Defendant challenges Supreme Court's denial of his motion to suppress evidence seized as the result of the execution of a search warrant by Albany Police Detective Renna Epting. Defendant's objection is based on the alleged failure to record, orally or in writing, spoken exchanges between Epting and the issuing Judge. Defendant contends that CPL 690.40 (1), which requires applications for search warrants to be under oath and recorded, was violated. The record discloses that the warrant was issued based on a written application which was supported by Epting's sworn affidavit. We do not find that Epting's oral synopsis of the application's contents for the Judge violated the strictures of CPL 690.40; nor do we find Epting's inability to recall whether the Judge asked her any questions as indicative that the search warrant was issued on other than the contents of her sworn affidavit.

Defendant further urges that the warrant was not supported by probable cause because the informants' reliability and the bases of their knowledge were not established by reasonable proof in conformity with the *Aguilar-Spinelli* test (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108). While the informants here had no history of providing prior reliable information to the police, their reliability was established in other ways. The recording of the drug buys was a basis to establish their reliability (*see generally, People v Rodriguez*, 52 NY2d 483, 489-490). Epting's first-hand knowledge of the buys, personally monitored by her, also established the informants' reliability. The recovery of heroin from the informants immediately after the "buys" served as further corroboration and provided an adequate basis of knowledge for the informants' source of information (*see, People v Bigelow*, 66 NY2d 417, 423-424). We thus conclude that the search warrant was supported by probable cause.

Defendant next raises the argument that the trial evidence was legally insufficient to convict him of a violation of Penal Law § 220.16 (12) based on the People's failure to establish defendant's knowledge of the weight of the drugs. The statute

requires proof that defendant knowingly and unlawfully possessed "one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-half ounce or more" (*ibid.*). The evidence, viewed in the light most favorable to the People, as it must be (*see, People v Thompson*, 72 NY2d 410, 413), supports defendant's conviction. The amount of drugs found was a substantial quantity—almost double the amount required for conviction—leading to the conclusion that anyone handling the drugs would be aware of their weight (*see, People v Sanchez*, 86 NY2d 27, 33). The evidence disclosed that defendant transported the drugs from New York City to Albany and into the house, connoting sufficient contact with the drugs and leading to the conclusion that defendant realized their weight. Further, the drugs, when seized, were professionally packaged and other drug paraphernalia was also found with them. These latter facts support the inference that defendant was aware of the amount of cocaine which he possessed (*see, People v Lamont*, 227 AD2d 873, 874; *People v Graham*, 209 AD2d 822, 823, *lv denied* 84 NY2d 1011).

Defendant also urges that admission into evidence of the tape recording of a drug sale between defendant and the confidential informant was error. The tape was in Spanish. Defendant contends that it is the equivalent of an inaudible tape because it was not translated for the jury by an independent and unbiased translator, leaving the jury to speculate as to its meaning. For the tape to be considered "audible" a competent translation of its meaning is required (*see, People v Rodriguez*, 205 AD2d 328, 328-329). The record discloses that the tape was translated for the jury by Colon. The accuracy of her translation was not challenged and, therefore, the court did not err in its admission.

We reject defendant's contention that County Court's jury charge was improper because of the impermissible marshaling of evidence by the court on the issue of corroboration of accomplice testimony. By failing to object, defendant did not preserve his right to appeal this question (*see, CPL* 470.05 [2]). Were we to consider the question, however, we would reject the contention in any event in that we find that County Court placed no undue emphasis on the People's evidence to defendant's detriment (*see, People v Culhane*, 45 NY2d 757, 758, *cert denied* 439 US 1047). Its charge to the jury was even-handed and in conformity with the law (*see, People v Harris*, 171 AD2d 882, 883, *lv denied* 78 NY2d 955).

Error is also attributed with respect to County Court's charge regarding "impeachment by benefit conferred". Specifically, defendant contends that although the court instructed the jury on the ramifications of the witness Colon's negotiated plea to the same events underlying the instant case, County Court failed to inform the jury as to an alleged additional benefit Colon received for her testimony against defendant, allegedly an agreement not to prosecute her for another crime. We find no merit to defendant's contention. There was no basis to assume that Colon was receiving any additional benefit and the court correctly declined to offer a charge on this issue.

Defendant also claims that an "impeachment by benefit conferred" charge should have been given as to the confidential informant because he was paid by the police for his attempts to make drug buys from defendant and was also attempting to help Colon, his girlfriend, so that she might receive the benefit of the deal she made with the People. Although County Court indicated that such a charge would be given as to the informant and then failed to so charge, we consider the lapse not to be crucial in view of the fact that the informant's bias and interest was subjected to in-depth comment during defendant's opening and closing statements. The court also alluded to it in its general charge by its instruction that the truthfulness of the informant's testimony should be considered in view of his past crimes. The jury was thus sufficiently aware that any bias on his part should be weighed by them (*see, People v Inniss*, 83 NY2d 653, 659; *cf., People v Jackson*, 74 NY2d 787, 790).

Defendant's objection to County Court's charge regarding accomplice testimony was not preserved by objection and is thus waived (*see, People v Johnson*, 213 AD2d 791, 793, *lv denied* 85 NY2d 975). Defendant's objections to the court's *Sandoval* ruling, on grounds of remoteness of the crimes which the court permitted the People to make inquiry about, are found to be without merit* (*see, People v Walker*, 83 NY2d 455, 459; *People v Miller*, 217 AD2d 810, 811, *lv denied* 86 NY2d 798).

Defendant argues that the sentence imposed was harsh and excessive. We disagree. We find no abuse of discretion or extraordinary circumstances requiring our intervention (*see,*

---

* County Court issued a *Sandoval* compromise with respect to defendant's 1987 and 1989 convictions of criminal sale of a controlled substance in the fifth degree, allowing inquiry only as to whether defendant was convicted of a class D felony.

*People v Ambrose,* 160 AD2d 1097, 1097-1098, *lv denied* 76 NY2d 784). Defendant has a long criminal record which includes four felony convictions. The sentence was entirely appropriate.

As to other contentions of error raised by defendant, we find them without merit and decline to further discuss them.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.