■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASHAWN D. GRAHAM, Appellant. [748 NYS2d 704] —Rose, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 17, 2000, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to the crime of criminal sale of a controlled substance in the third degree and was sentenced in accordance with the plea to 6 to 12 years in prison. On appeal, he challenges his conviction on the basis that he was denied the effective assistance of counsel. Specifically, he asserts that defense counsel failed to request the Trial Judge to recuse himself based upon a conflict of interest arising from the Judge's prior prosecution of defendant in his capacity as District Attorney even though defendant had informed defense counsel of the conflict. To the extent that this issue was brought to defense counsel's attention by defendant before County Court, it is a matter outside the present record and, therefore, defendant's proper recourse is a motion pursuant to CPL

440.10 (*see People v Booker*, 280 AD2d 785, 786, *lv denied* 96 NY2d 916; *People v Toland*, 267 AD2d 880, 880, *lv denied* 94 NY2d 907). In any event, our review of the record before us discloses that defense counsel engaged in proper pretrial discovery, made appropriate pretrial motions and negotiated a favorable plea bargain. Accordingly, we find that defendant was provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147; *People v Dennis*, 295 AD2d 755, 756).

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.