■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. WRIGHT, Appellant. [773 NYS2d 486]—

Kane, J. Appeal from a judgment of the County Court of War-

ren County (Austin, J.), rendered October 30, 2002, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

Acting on a search warrant, police raided a "crack house" in the City of Glens Falls, Warren County. The two-story house's furnishings consisted of two mattresses and two televisions. In one bedroom, police located two people and 29 individually packaged bags of crack cocaine. One person was in the bathroom. Five others were located in a second small bedroom with a mattress, television, electronic scale, plate with a razor and white powdery residue, five cellular phones, a large chunk of crack cocaine, plastic sandwich bags, 17 individual bags of crack cocaine, and thousands of dollars in cash. Police arrested all eight people in the house, including defendant who was in the second small bedroom. Defendant did not have any crack cocaine on his person, and had only $1 in his pocket. No crack pipes or other paraphernalia for using cocaine were found on defendant, any other person or in the house.

The District Attorney's office sent a letter dated February 14, 2002 to defense counsel informing him of presentment to the grand jury on February 15, 2002. Defendant did not testify, and later claimed that he was never informed of his right to do so. The grand jury indicted defendant on two counts of criminal possession of a controlled substance in the third degree. On the day of trial, he made an unsuccessful pro se motion to obtain new counsel because of the grand jury notice issue and insufficient communication with counsel. A jury convicted him of both counts, resulting in a sentence of two concurrent terms of 11 to 22 years in prison. Defendant appeals.

Defendant waived his right to testify before the grand jury. Although the prosecution's notice one day before presentment does not appear to provide defendant with a reasonable time to consult with counsel and decide whether to testify, especially considering that defendant was in a federal prison in Brooklyn (*see People v Jordan*, 153 AD2d 263, 266-267 [1990], *lv denied* 75 NY2d 967 [1990]; *compare People v Sawyer*, 96 NY2d 815, 816 [2001]), objections to the prosecution's notice are waived if not raised by motion within five days after arraignment on the indictment (*see* CPL 190.50 [5] [c]). Counsel's failure to move to dismiss the indictment based on the prosecution's failure to afford defendant an opportunity to testify before the grand jury, without more, is insufficient to demonstrate ineffective assistance, particularly where defendant failed to demonstrate an absence of strategic or legitimate reasons for counsel's failure to pursue this course of action (*see People v Mejias*, 293 AD2d 819,

820 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Galleria*, 264 AD2d 899, 900 [1999], *lv denied* 94 NY2d 880 [2000]; *People v Richardson*, 193 AD2d 969, 970-971 [1993], *lv denied* 82 NY2d 725 [1993]).

County Court properly denied defendant's request to obtain new counsel, made on the day of trial immediately before jury selection (*see People v Nelson*, 1 AD3d 796, 797-798 [2003]). Defendant did not adequately explain his failure to make this request earlier, nor how substitute counsel would be able to overcome the communication difficulties inherent in defendant's incarceration in a distant federal prison (*see id.* at 797). Without a compelling reason to substitute counsel at the last minute, the court properly exercised its discretion and promoted the interests of justice by denying the motion and proceeding to trial as scheduled.

Defendant failed to preserve, and waived any objection to, County Court's commencement of the trial before rendering a decision on his suppression motion. Although the statute requires the court to render a determination of a suppression motion before commencement of trial (*see* CPL 710.40 [3]), defendant waived objection to this irregularity of procedure by proceeding to trial without a ruling and failing to object to the admission of the subject evidence at trial (*see* CPL 470.05 [2]; *People v Melendez*, 141 AD2d 860, 861 [1988], *lv denied* 73 NY2d 788 [1988]). In any event, no hearing was required as defendant failed to demonstrate either standing or facial invalidity of the search warrant (*see People v Christian*, 248 AD2d 960, 960 [1998], *lv denied* 91 NY2d 1006 [1998]).

The prosecutor's remarks during voir dire did not mandate a mistrial. Initially, the argument is unpreserved for review as no objection was made (*see People v Delosh*, 2 AD3d 1047, 1049 [2003]). Were we to review these remarks, if they were in any way misleading or prejudicial, defendant suffered no harm because County Court clarified the matter when it instructed the jury on the burden of proof both before testimony began and before deliberations (*see People v Saunders*, 261 AD2d 718, 720-721 [1999], *lv denied* 94 NY2d 829 [1999]).

While evidence of prior bad acts or uncharged crimes is inadmissible to prove the crime charged or to show a defendant's propensity to commit this crime (*see People v Molineux*, 168 NY 264 [1901]), an exception to this rule exists where the evidence is admitted to show a defendant's intent, especially after the defendant has put his or her intent at issue (*see People v Veale*, 169 AD2d 939, 939-940 [1991], *affd* 78 NY2d 1022 [1991]; *People v Mullen*, 152 AD2d 260, 264-265 [1989]). Testimony regarding

defendant's prior sales of crack cocaine to several individuals on different occasions was probative of his knowing possession of drugs and his intent to sell, elements of the crimes charged (*see* Penal Law § 220.16 [1], [12]; *People v Christian, supra* at 961; *People v Dennis*, 210 AD2d 803, 805 [1994], *lv denied* 85 NY2d 937 [1995]; *People v Johnson*, 130 AD2d 804, 806 [1987], *lv denied* 70 NY2d 704 [1987]). Defense counsel's opening statement put defendant's intent at issue by implying that he was merely in the wrong place at the wrong time when apprehended in the crack house (*compare People v Brown,* 221 AD2d 822, 823 [1995]). The prosecutor was not required to stop after presenting minimum evidence and rely on the statutory presumption of intent (*see* Penal Law § 220.25 [2]), but could present all admissible evidence.

Although admission of evidence regarding prior uncharged crimes is proper, County Court failed to "carefully weigh[ ] the degree of probativeness with the potential for prejudice" in determining that the People could introduce virtually unlimited evidence of prior drug sales by defendant in support of the People's theory of a common scheme (*People v Butts*, 177 AD2d 782, 783 [1991]). The People limited their proof to three of the eight permitted witnesses and some 16 prior sales, some as remote in time as five months prior to the incident resulting in the current charge. The court further erred in failing to give limiting instructions at the time evidence of each of these acts was received (*see People v Greene*, 306 AD2d 639, 642 [2003], *lv denied* 100 NY2d 594 [2003]), and by failing to adequately address the proper uses of such evidence in the final jury charge. While the court instructed that the evidence of prior uncharged crimes was to be considered "for the limited purpose of answering questions of intent or common scheme," it failed to explain what that meant and that this evidence could not be used to show defendant's propensity to commit the charged crime (*see* 1 CJI[NY] 12.20, at 708). Despite the court's failure to limit the People's proof and to adequately caution the jury on the limited purpose of this evidence, defendant's failure to object to the court's omission of limiting instructions or the final jury instructions, and the failure to request a different or additional charge, constitute a failure to preserve these issues for appellate review (*see* CPL 470.05 [2]; *People v Matthews*, 221 AD2d 802, 802-803 [1995], *lv denied* 88 NY2d 850 [1996]; *People v Parsons*, 150 AD2d 614, 615 [1989], *lv denied* 74 NY2d 850 [1989]). Were we to consider these issues, we would nevertheless deem the error harmless in light of the overwhelming evidence of defendant's guilt and there being no significant probability of acquittal had any evidence of prior sales been excluded (*see People v Kello*, 96

NY2d 740, 744 [2001]; *People v Glover*, 165 AD2d 880 [1990], *lv denied* 77 NY2d 906 [1991]; *People v Parsons*, 150 AD2d 614, 615 [1989], *lv denied* 74 NY2d 850 [1989]).

Defense counsel provided meaningful representation. Counsel was certainly remiss in failing to object to the omission of limiting instructions and the inadequate jury charge, but the standard is whether defendant was provided a fair trial, not a perfect one (*see People v Benevento*, 91 NY2d 708, 712 [1998]). As County Court's error on these matters was harmless in light of the evidence of defendant's guilt, counsel's mistakes on these matters did not render him ineffective.

Defendant's remaining contentions have been reviewed and found unpersuasive.

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.