■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NINA SANDERS, Appellant. [830 NYS2d 842]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 19, 2005, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was indicted for murder in the second degree after admitting to stabbing her boyfriend 26 times, causing his death. County Court denied her suppression motion and issued a *Sandoval* ruling severely limiting the prosecutor's inquiry into her prior bad acts, and a jury trial ensued. Ultimately, her defense of justification was rejected by the jury, she was convicted as charged, and she now appeals.

Initially, we find no merit in defendant's contention that she was denied a meaningful defense due to the ineffective assistance of her trial counsel. The record indicates that defense counsel changed strategies at the time of trial because that is when the report of the defense's psychiatric expert was received and it evidently did not support the defense of mental disease or defect. Justification then became counsel's primary defense, and emotional distress was mentioned in his opening statement only to explain defendant's mental state at the time of the killing. In his closing statement, knowing that the defense of extreme emotional disturbance would be available even if the elements of murder in the second degree were found to be proven (*see* Penal Law § 125.25 [1] [a]), counsel urged the justification defense, but also argued that, if the jury rejected it, there was at least extreme emotional disturbance. Thus, we cannot agree that defense counsel asserted mutually exclusive defense theories or otherwise acted unreasonably in presenting both defen-

ses (see *People v Cutting*, 210 AD2d 791, 792 [1994], *lv denied* 85 NY2d 971 [1995]).

Nor can we agree that counsel's failure to oppose the People's objection to the offer of expert testimony regarding battered women's syndrome constitutes ineffective assistance under the circumstances here (see *People v Thomas*, 33 AD3d 1053, 1055 [2006]; *People v Singh*, 16 AD3d 974, 977 [2005], *lv denied* 5 NY3d 769 [2005]). Given defendant's admissions, counsel pursued a realistic strategy to convince the jury that she had acted in self-defense, and losing tactics do not constitute ineffective assistance of counsel (see *People v Jackson*, 25 AD3d 1012, 1015 [2006], *lv denied* 6 NY3d 849 [2006]).

Defendant next contends that County Court erred in permitting the People to inquire as to her illegal use of drugs when she testified as to her claim of battered women's syndrome and her mental condition. Inasmuch as defendant did not object to this questioning and County Court had no occasion to rule on its propriety, the issue is unpreserved for our review (see *People v Carter*, 31 AD3d 1056, 1057 [2006], *lv denied* 7 NY3d 901 [2006]). However, were we to review it, we would find defendant's contention to be without merit because her testimony opened the door to the inquiry (see *People v Fardan*, 82 NY2d 638, 646 [1993]; *People v Brown*, 252 AD2d 598, 600 [1998], *lv denied* 92 NY2d 923 [1998]; *People v Schwerbel*, 224 AD2d 830, 831 [1996]).

Finally, as to defendant's claim that the trial transcript is inadequate to review the People's use of peremptory challenges during jury selection, this issue too is unpreserved for review (see *People v Richins*, 29 AD3d 1170, 1172 [2006], *lv denied* 7 NY3d 817 [2006]). In any event, were we to do so, we would find the record to be sufficient for our review and conclude that defendant fails to cite a " 'sound factual basis' " (*People v Pryor*, 14 AD3d 723, 725 [2005], *lv denied* 6 NY3d 779 [2006], quoting *People v Childress*, 81 NY2d 263, 268[1993]) for her vague allegation that discriminatory use of challenges could have occurred. Accordingly, we find no grounds to disturb defendant's conviction.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.