■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC J. ECHAVARRIA, Appellant. [861 NYS2d 510]—

Spain, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 27, 2007, upon a verdict convicting defendant of four counts of the crime of criminal possession of a controlled substance in the third degree.

On January 28, 2006, defendant, Jonathan Alvarez and a female acquaintance drove from their homes in the New York City area to the City of Plattsburgh, Clinton County, with cocaine and heroin secreted in a hidden compartment in the dashboard of Alvarez's vehicle, registered in his sister's name.* They stayed at the acquaintance's house in Plattsburgh for one night and then they took a room—registered in Alvarez's name—in a nearby hotel (room 128). On the night of January 29, 2006, defendant and Alvarez went out to a movie and dinner with two women, who Alvarez had met at a nightclub. They all returned to the hotel room, where all but Alvarez consumed cocaine. Alvarez and one of the women then took out a second hotel room, where they spent the night, while defendant spent the night in room 128 with the other woman.

Based on a tip to local law enforcement from a confidential informant, room 128 came under surveillance by the Adirondack Drug Task Force (hereinafter task force). On the afternoon of January 30, 2006, the informant, wearing a wire, made a controlled purchase of cocaine from Alvarez in room 128 while defendant slept in the nearby bed. Later that evening, members of the task force stopped the vehicle in which Alvarez and both women were riding and arrested Alvarez, who was found in possession of a bag containing 4.8 grams of cocaine and $897 in cash. At the same time, members of the task force executed a search warrant covering room 128, where they found defendant alone still asleep in bed. A search of the room uncovered, in a

* The Clinton County District Attorney's brief unfortunately fails to contain a statement of facts, contrary to the rules of this Court (see 22 NYCRR 800.8; CPLR 5528 [b]).

dresser drawer, heroin packaged in 10 small plastic bags, bags of powder and crack cocaine in a black pouch, as well as a digital scale, some socks, underwear and jeans. Police found baggies with their corners ripped off in the garbage and, on top of the desk, a bottle of inositol—a common chemical agent used to cut cocaine—and a box of plastic baggies. A $20 bill was found in defendant's jacket and a rolled $1 bill was on the desk next to a business card with a powdery residue; no other cash was found in the room.

Defendant was indicted on three counts of criminal possession of a controlled substance in the third degree, for knowingly possessing the heroin and the cocaine with intent to sell it (see Penal Law § 220.16 [1]), and a fourth count of criminal possession of a controlled substance in the third degree, for possessing 36.7 grams of cocaine (see Penal Law § 220.16 [12]). Alvarez, with charges pending, entered into a nonspecific cooperation deal in which he agreed, among other things, to testify at defendant's trial. After a jury trial, defendant was convicted on all counts and sentenced, as a second felony offender, to an aggregate prison term of 11½ years with a period of postrelease supervision. Defendant now appeals.

On appeal, defendant challenges the verdict as unsupported by legally sufficient evidence on the element of his constructive possession of the drugs, a claim not specifically raised at trial. Given defendant's concomitant challenge to the verdict as contrary to the weight of the evidence, based on the same issue of possession, to which preservation rules do not apply, we have reviewed but reject as meritless all aspects of defendant's challenge to the jury's verdict. Where, as here, defendant is not found in actual possession of drugs which were not in plain view, the People must establish his constructive possession (see Penal Law § 10.00 [8]) with proof supporting the conclusion that he exercised dominion and control over the hotel room or Alvarez (see People v Manini, 79 NY2d 561, 573-575 [1992]; People v Tarver, 292 AD2d 110, 113-114 [2002], lv denied 98 NY2d 702 [2002]; see also People v Bundy, 90 NY2d 918 [1997]; People v Sawyer, 23 AD3d 845, 845 [2005], lv denied 6 NY3d 852 [2006]; People v Banks, 14 AD3d 726, 727 [2005], lv denied 4 NY3d 851 [2005]).

Alvarez testified that although he owned the scale, it was defendant who—before leaving New York City—had obtained the drugs and cutting agent (inositol), that both of them had handled and packaged the drugs in the room and that the black pouch containing the cocaine found in the room belonged to defendant. Additionally, Alvarez testified that the clothing found

in the drawer did not belong to him, he and defendant shared the cost of the room, which was not registered in defendant's name because he had no identification, they both had room keys (although defendant's was not found in the search) and defendant gave the women cocaine to consume from their supply the night the women stayed over, as the women also testified. Further, it was Alvarez who went to another room to be alone with one of the women, leaving defendant in room 128 overnight. The woman who stayed in the hotel room with defendant testified that she and defendant "did a lot of coke" that night. Alvarez admitted bringing $500 in cash on their trip and selling cocaine to the informant while defendant slept, but he indicated that he left before defendant awoke and was then arrested, without having the chance to share the proceeds of the drug sale with defendant, who was not found with cash of any significance.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every inference (see People v Acosta, 80 NY2d 665, 672 [1993]; People v Contes, 60 NY2d 620, 621 [1983]) and recognizing that possession may be joint (see People v Tirado, 38 NY2d 955, 956 [1976]; People v Elhadi, 304 AD2d 982, 984 [2003], lv denied 100 NY2d 580 [2003]), we find that the People sufficiently proved, beyond a reasonable doubt, that defendant constructively possessed the narcotics in issue (see People v Manini, 79 NY2d at 573-575; People v Tarver, 292 AD2d at 113-114). Particularly probative factors include defendant's unfettered access to and consumption of the narcotics and his long periods of exclusive occupancy of the hotel room.

To the extent that defendant challenges the verdict as contrary to the weight of credible evidence, we are unpersuaded (see People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant testified, denying that the narcotics were his or knowing they were there or giving them to the women, although he admitted consuming some of the cocaine. He conceded to bringing jeans, socks and underwear on the trip in a bag, which was not found by police, but claimed the clothes found with the drugs and paraphernalia were not his and he had no explanation for the whereabouts of his bag of clothes. While the People's nonpolice witnesses had motives to implicate defendant, their testimony was consistent and relatively credible; we cannot say, by contrast, that defendant's contrary version was particularly believable. On the record before us, we find ample, credible evidence to support the jury's verdict.

Next, defendant contends that the People violated County Court's Molineux ruling throughout the trial by eliciting

testimony of his history of drug sales, his drug use, a parole violation and the outstanding warrant for his arrest. This claim is partly unpreserved as defense counsel did not object to some of this testimony and never moved for a mistrial or requested a curative instruction; we address it because defendant argues that defense counsel's failure to register objections to some of the testimony constituted ineffective assistance of counsel. On the second day of trial, County Court denied the People's request under *Molineux* to introduce evidence that defendant had sold drugs to the informant prior to that informant's controlled buy from Alvarez at the hotel, finding the timing of the request to be unfair to defendant. The court also precluded any testimony that the informant had engaged in any drug purchases from defendant, while allowing testimony that the informant knew defendant and was introduced to Alvarez by defendant. The People did not thereafter violate that limited ruling. Notably, evidence of his unrelated prior drug sales and use was probative of defendant's knowing possession of drugs and intent to sell, both elements of the crimes which defense counsel put in issue in his opening statement and throughout the trial (*see People v Wright*, 5 AD3d 873, 875-876 [2004], *lv denied* 3 NY3d 651 [2004]). We do not find, after our review of the record, that the prosecutor violated the court's *Molineux* ruling or engaged in improper questioning on impermissible matters. We also find that the probative value of the evidence of uncharged crimes or bad acts admitted at trial exceeded its prejudicial effect and that defendant was not denied a fair trial (*cf. People v Westerling*, 48 AD3d 965, 967-968 [2008]).

Indeed, the parties should have obtained an advanced ruling, outside the presence of the jury, after a proffer regarding the relevance and admissibility of *all* of defendant's uncharged conduct; moreover, simultaneous limiting instructions should have been given as well (*see People v Ward*, 10 AD3d 805, 807 [2004], *lv denied* 4 NY3d 768 [2005]; *People v Wright*, 5 AD3d at 876; *see also People v Cherry*, 46 AD3d 1234, 1237 [2007], *lv denied* 10 NY3d 839 [2008]). Given that the evidence of uncharged conduct was admissible for *Molineux* purposes and was not used at trial to argue propensity, and that the proof against defendant was overwhelming, we find that any error was harmless (*see People v Kello*, 96 NY2d 740, 744 [2001]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Ward*, 10 AD3d at 807]).

Addressing defendant's claim that he was deprived of the effective assistance of counsel, many of his assertions are outside the record on appeal and the proper recourse is a motion pursu-

ant to CPL 440.10 (*see People v Graham*, 298 AD2d 766, 766-767 [2002]). Some of the testimony in issue was elicited by defense counsel in furtherance of his theory that defendant innocently accompanied Alvarez to the hotel and did not know about or control the narcotics. While ultimately unsuccessful, it did not constitute ineffectiveness (*see People v Sanders*, 38 AD3d 941, 941 [2007], *lv denied* 9 NY3d 869 [2007]). Counsel, of course, was remiss in not objecting to some of the testimony of uncharged crimes or bad acts and failing to request limiting instructions (*see People v Wright*, 5 AD3d at 877). The record reveals, however, that while counsel's representation was not error-free, counsel put forth a reasonable defense theory with cogent opening and closing statements, submitted proper pretrial motions, successfully advocated for a favorable *Molineux* ruling, made many competent objections during the trial, and aptly challenged the key witnesses on cross-examination regarding their motives and the weaknesses in the proof against defendant. As such, we find defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]; *People v Sanders*, 38 AD3d at 941; *People v Singh*, 16 AD3d 974, 977 [2005], *lv denied* 5 NY3d 769 [2005]).

Defendant's remaining claims also lack merit, including—given his significant criminal history—his claim that his sentence of imprisonment is harsh and excessive.

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed.

