■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY LINDSEY, Appellant. [906 NYS2d 161]—

Garry, J. Appeal from a judgment of the Supreme Court (Egan Jr., J.), rendered November 9, 2007 in Rensselaer County, upon a verdict convicting defendant of the crimes of aggravated

harassment in the second degree and criminal contempt in the second degree (three counts).

Following a jury trial, defendant was convicted of aggravated harassment in the second degree and three counts of criminal contempt in the second degree and was sentenced to, among other things, an aggregate term of imprisonment of two years. The charges arose from defendant's conduct with respect to his wife and his violation of an order of protection in her favor. Defendant appeals.

Initially, defendant contends that he was allowed to proceed pro se without a sufficient inquiry by Supreme Court to determine that the choice was knowing, voluntary, and intelligent. Before a defendant can proceed pro se, it must be determined, following a " 'searching inquiry,' " that the defendant has knowingly, voluntarily and intelligently waived the right to counsel (*People v Providence*, 2 NY3d 579, 580 [2004], quoting *People v Arroyo*, 98 NY2d 101, 103 [2002]; *see People v Whitted*, 16 AD3d 905, 907 [2005], *lv denied* 4 NY3d 892 [2005]). Here, Supreme Court inquired into defendant's age, mental and physical condition, education, employment history, prior involvement with the criminal justice system and the motivation for his decision. The court also explored, at length, defendant's understanding of the process and what his role in it would be, and explained the risks of self-representation. When he expressed his dissatisfaction with his present appointed counsel, defendant was offered an opportunity to be appointed new counsel and was given time to consult with his prospective counsel. Following this consultation, defendant, who had previously represented himself in a criminal matter, reaffirmed his desire to forgo representation by counsel. On this record, we find that Supreme Court conducted a searching inquiry into defendant's waiver of counsel and that his unequivocal waiver was knowing, voluntary and intelligent (*see People v Lagas*, 49 AD3d 1025, 1026 [2008], *lv denied* 10 NY3d 866 [2008]; *People v McEachin*, 29 AD3d 1221, 1222 [2006], *lv denied* 7 NY3d 903 [2006]; *People v Whitted*, 16 AD3d at 907-908).

Defendant next contends that Supreme Court erred in its *Molineux* ruling, improperly admitting evidence regarding prior bad acts. Before commencement of the trial, the People sought a ruling on the admission of evidence relating to prior violent and abusive incidents between defendant and the victim, including the conduct underlying the issuance of the order of protection that defendant violated. When afforded an opportunity to respond to the People's application, defendant failed to present any relevant argument on the issues of admissibility or preju-

dice regarding the bad acts that the People sought to admit, instead choosing to revisit an unrelated issue that had been previously addressed and ruled upon, and then denying that any of the uncharged conduct had occurred. Supreme Court ultimately concluded that it would permit admission of evidence of the prior alleged bad acts that led up to the issuance of the order of protection. This evidence was probative of, among other things, defendant's intent, and thus admissible as a matter of law; however, the record fails to reveal the requisite balancing of the probative value of the evidence against its potential for prejudice (*see People v Westerling*, 48 AD3d 965, 966-968 [2008]; *People v Wlasiuk*, 32 AD3d 674, 676-678 [2006], *lv dismissed* 7 NY3d 871 [2006]; *People v Wright*, 5 AD3d 873, 876 [2004], *lv denied* 3 NY3d 651 [2004]). Further, although noting that this issue was not preserved, we find that the failure to issue limiting instructions to the jury regarding the proper purpose of this evidence was error (*see People v Westerling*, 48 AD3d at 968; *People v De Fayette*, 16 AD3d 708, 709 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Ward*, 10 AD3d 805, 807 [2004], *lv denied* 4 NY3d 768 [2005]; *People v Wright*, 5 AD3d at 876). Nonetheless, in light of the overwhelming evidence of defendant's guilt, we find these errors to be harmless (*see People v Meseck*, 52 AD3d 948, 950 [2008]; *People v De Fayette*, 16 AD3d at 709-710; *see also People v Echavarria*, 53 AD3d 859, 863 [2008], *lv denied* 11 NY3d 832 [2008]; *People v Ward*, 10 AD3d at 807; *People v Wright*, 5 AD3d at 876-877).

Finally, defendant's argument that he was compelled by Supreme Court to appear in prison attire during trial has been considered and found without merit; the record reveals no compulsion (*see People v Cruz*, 14 AD3d 730, 732 [2005], *lv denied* 4 NY3d 852 [2005]).

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.