McCarthy, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered August 3, 2012 in Ulster County, upon a verdict convicting defendant of the crime of robbery in the third degree.
Defendant was indicted on one count of robbery in the first degree after he drove codefendant Daniel E Kerwin to a WalMart store in the Town of Ulster, Ulster County and Kerwin stole a 32-inch television set after a brief physical altercation with one of the store’s employees. The People requested a Molineux hearing, seeking to introduce evidence during their direct case of a second incident later that day at a nearby Kohl’s store—during which defendant drove Kerwin to the store, *1147 entered with him and pointed out merchandise, then returned to the car while Kerwin stole the merchandise—to establish defendant’s intent with regard to the charged Wal-Mart robbery. Following a hearing, Supreme Court granted the People’s request and permitted the admission of evidence regarding the theft at Kohl’s. At the conclusion of the jury trial, defendant was acquitted of robbery in the first degree but found guilty of the lesser included offense of robbery in the third degree.[1] The court sentenced him to 2 to 6 years in prison. Defendant appeals.
We affirm. Initially, defendant’s challenge to Supreme Court’s failure to provide limiting instructions to the jury regarding the admission of evidence concerning the theft at Kohl’s is unpreserved for our review because he failed to make a specific request or objection at trial (see People v Wilson, 100 AD3d 1045, 1048 n [2012], lv denied 22 NY3d 998 [2013]; People v Echavarria, 53 AD3d 859, 863 [2008], lv denied 11 NY3d 832 [2008]). Although defendant did not preserve this argument, we examine it in light of his claim that counsel’s failure to request such instructions amounted to ineffective assistance (see People v Echavarria, 53 AD3d at 863).
Evidence of uncharged crimes is inadmissible as proof of the crime charged or of a propensity to commit a particular crime, hut such evidence may be admitted to show a defendant’s intent, particularly where the defendant has put his or her intent at issue (see People v Wilson, 100 AD3d at 1047; People v Sudler, 75 AD3d 901, 905 [2010], lv denied 15 NY3d 956 [2010]; People v Maye, 43 AD3d 556, 558 [2007], mod 12 NY3d 731 [2009]; People v Wright, 5 AD3d 873, 875 [2004], lv denied 3 NY3d 651 [2004]). Defendant was convicted of robbery in the third degree, which occurs when a person forcibly steals property (see Penal Law § 160.05). Here, defendant admitted that he drove Kerwin to Wal-Mart and that Kerwin stole a television and brought it back to the car in which defendant was waiting. The evidence further demonstrated that, in the course of the theft, Kerwin was involved in a physical altercation with a Wal-Mart employee. Thus, the only issue for the jury to decide was whether defendant possessed the requisite intent to assist in the theft when he was the driver for Kerwin’s Wal-Mart trip. Inasmuch as any *1148 limiting instruction would have directed the jury to consider the evidence of the Kohl’s robbery only as to the issue of intent, and intent was the only relevant and contested issue that was before the jury on this charge,[2] Supreme Court’s failure to give such an instruction was harmless error (see People v Wilson, 100 AD3d at 1048 n; People v Mosley, 55 AD3d 1371, 1372 [2008], lv denied 11 NY3d 856 [2008]; People v Echavarria, 53 AD3d at 863; People v Wright, 5 AD3d at 876).
Under the circumstances, the failure to request limiting instructions, standing alone, did not amount to ineffective assistance of counsel because the record demonstrates that defendant was otherwise provided with meaningful representation (see People v Echavarria, 53 AD3d at 863-864; People v Cherry, 46 AD3d 1234, 1238 [2007], lv denied 10 NY3d 839 [2008]). Defense counsel presented competent opening and closing statements, effectively cross-examined witnesses, made numerous objections, many of which were sustained, and defendant was ultimately acquitted of the more serious count of robbery in the first degree.
Defendant’s remaining contentions, including his pro se argument, have been examined and are without merit.
Peters, EJ., Stein and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

. The uniform sentence and commitment form incorrectly states that defendant was convicted of robbery in the first degree in County Court (Williams, J.). We remit to allow Supreme Court to amend that form to include the proper court, judge and crime of conviction (see People v Jones, 112 AD3d 991, 992 [2013]; People v Feliciano, 108 AD3d 880, 881 n 1 [2013], lv denied 22 NY3d 1040 [2013]).

. The jury also considered whether defendant displayed what appeared to be a pistol or firearm, an element of robbery in the first degree (see Penal Law § 160.15 [4]). Because defendant was acquitted of that count, any lack of limiting instructions addressing intent did not cause him harm.