■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERAD STALKER, Appellant. [995 NYS2d 887]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered January 14, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that he was deprived of a fair trial by the improper admission of rebuttal testimony and the failure of County Court to give the jury a limiting instruction with respect to the use of such testimony. The rebuttal testimony concerned a statement made by defendant to a State Trooper regarding property stolen during the burglary. We note at the outset that, by failing to seek a ruling with respect to the statement at issue or to object to its admission at trial, defendant abandoned any contention that the statement should have been suppressed (*see People v Adams*, 90 AD3d 1508, 1509 [2011], *lv denied* 18 NY3d 954 [2012]; *People v*

*Nix,* 78 AD3d 1698, 1699 [2010], *lv denied* 16 NY3d 799 [2011], *cert denied* 565 US —, 132 S Ct 157 [2011]). Defendant failed to preserve for our review his further contentions that the statement was improperly admitted in evidence as an admission (*see generally People v Broadus,* 8 AD3d 398, 398 [2004], *lv denied* 3 NY3d 657 [2004]), and that the court erred in failing to give a limiting instruction with respect to its use (*see* CPL 470.05 [2]; *People v Portis,* 141 AD2d 773, 773-774 [1988], *lv denied* 72 NY2d 913 [1988]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). In addition, we conclude that defendant was not denied effective assistance of counsel based upon defense counsel's failure to move to suppress the statement to the Trooper (*see People v De Mauro,* 48 NY2d 892, 893-894 [1979]), or to request a limiting instruction with respect to that statement (*see People v Van Demps,* 118 AD3d 1146, 1148 [2014], *lv denied* 23 NY3d 1061 [2014]).

Defendant also failed to preserve for our review his contentions that the evidence is not legally sufficient to support the conviction (*see People v Gray,* 86 NY2d 10, 19 [1995]), and that he was deprived of a fair trial by the prosecutor's allegedly improper remarks during summation (*see People v James,* 114 AD3d 1202, 1206-1207 [2014], *lv denied* 22 NY3d 1199 [2014]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson,* 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). We further conclude that the court's *Sandoval* ruling did not constitute an abuse of discretion (*see People v Stevens,* 109 AD3d 1204, 1205 [2013], *lv denied* 23 NY3d 1043 [2014]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.