People v Lindsey (2019 NY Slip Op 04049)





People v Lindsey


2019 NY Slip Op 04049


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

108990

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NOAH D. LINDSEY, Appellant.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Sanders L. Denis, Jackson Heights, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 3, 2016, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree.
On February 29, 2016, police executed a warrant authorizing a search of defendant's person and residence for narcotics. As a result of those searches, police recovered from defendant's home a 9 millimeter semiautomatic pistol with a magazine containing 16 rounds of 9 millimeter ammunition, a bag of 25 glassine envelopes containing a substance later determined to be heroin and various items that are commonly used in connection with the sale of drugs. Defendant was subsequently interviewed by the police, at which time he made several inculpatory statements, including that the pistol and the drugs found during the search belonged to him. Defendant was thereafter indicted on, as relevant here, charges of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree [FN1]. Following a jury trial, defendant was convicted of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree, a lesser included offense of criminal possession of a controlled substance in the third degree.
Prior to sentencing, County Court assigned defendant new counsel to assist him with filing a CPL 330.30 motion based upon defendant's assertion that he had received ineffective assistance of counsel during the plea bargaining process. However, defendant's new counsel ultimately determined that there was no legal or factual basis for bringing that motion. Defendant was thereafter sentenced to a prison term of eight years, followed by five years of [*2]postrelease supervision, for his conviction of criminal possession of a weapon in the second degree and a concurrent prison term of one year for his conviction of criminal possession of a controlled substance in the seventh degree. Defendant now appeals, and we affirm.
Initially, defendant failed to preserve his contention that the trial judge should have recused himself because he signed the search warrant authorizing the search of defendant's person and residence (see CPL 470.05 [2]; People v Gonzalez, 207 AD2d 734, 735 [1994], lv denied 84 NY2d 1011 [1994]). In any event, were this argument preserved for our review, we would find it to be patently without merit (see People v McCann, 85 NY2d 951, 953 [1995]; People v Barone, 109 AD2d 1075, 1076-1077 [1985]). There was no statutory basis compelling recusal (see Judiciary Law § 14) and, thus, the judge was "the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405 [1987]).
Defendant also argues that County Court should have precluded the People from introducing into evidence his statement to police that he owned the pistol for protection because he "jacks" drug dealers. Evidence of a defendant's uncharged crimes or prior bad acts is inadmissible if its sole purpose is to demonstrate the defendant's propensity to commit the charged crime or his or her bad character (see People v Leonard, 29 NY3d 1, 6 [2017]; People v Alvino, 71 NY2d 233, 241-242 [1987]). However, such evidence may be admissible if it is probative of some other material issue or fact in the case and its probative value outweighs any undue prejudice (see People v Leonard, 29 NY3d at 6; People v Blair, 90 NY2d 1003, 1004-1005 [1997]). Among other recognized Molineux exceptions, evidence of uncharged crimes or prior bad acts can be relevant to demonstrate motive, intent, knowledge, the absence of mistake or accident, a common scheme or plan or the identity of the defendant (see People v Cass, 18 NY3d 553, 560 [2012]; People v Alvino, 71 NY2d at 241-242).
Assuming, without deciding, that County Court correctly concluded that the uncharged crime at issue here (e.g., robbing drug dealers) was probative of defendant's alleged intent to sell, County Court failed to engage in the requisite weighing of the probative value of such evidence against its potential for undue prejudice (see People v Shortell, 155 AD3d 1442, 1444-1445 [2017], lv denied 31 NY3d 1087 [2018]; People v Elmy, 117 AD3d 1183, 1186-1187 [2014]). Moreover, County Court did not issue a limiting instruction to the jury regarding the proper purpose of the challenged evidence (see People v Lindsey, 75 AD3d 906, 908 [2010], lv denied 15 NY3d 922 [2010]). Nevertheless, given that defendant admitted to owning the pistol and the heroin discovered in his home and that, through those admissions, he demonstrated considerable knowledge about the specific items recovered, we find the evidence against defendant to be overwhelming and that, therefore, County Court's errors were harmless (see People v Kalina, 149 AD3d 1264, 1267 [2017], lv denied 29 NY3d 1092 [2017]; People v Lindsey, 75 AD3d at 908).
Defendant further asserts that trial counsel provided him with ineffective assistance. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his or her counsel failed to provide meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Rivera, 71 NY2d 705, 709 [1988]). In doing so, it is incumbent upon the defendant to establish the absence of strategic or other legitimate explanations for counsel's alleged deficient conduct (see People v Caban, 5 NY3d at 152; People v Benevento, 91 NY2d 708, 712 [1998]), as "a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, . . . will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d at 712-713; see People v Taylor, 1 NY3d 174, 177 [2003]).
Defendant's claim of ineffective assistance of trial counsel is premised upon two alleged errors, the first of which is trial counsel's decision to waive a Huntley hearing. As revealed by the record, trial counsel indicated in a letter to County Court that defendant was waiving a Huntley hearing in exchange for the early receipt of Rosario material and the People's agreement to keep open a plea offer. Accordingly, it is clear that defendant's trial counsel had legitimate strategic reasons for waiving a Huntley hearing and, therefore, defendant's criticism of counsel cannot support a finding of ineffective assistance (see People v Umana, 143 AD3d 1174, 1175 [2016], lv denied 29 NY3d 1037 [2017]; People v Hammond, 107 AD3d 1156, 1156 [2013]).
Defendant next faults trial counsel for not objecting to testimony given by a police officer that defendant was "known to carry a firearm." Contrary to defendant's contention, such testimony did not constitute inadmissible hearsay, as it was not offered for the truth of the matter asserted (see People v Irby, 140 AD3d 1319, 1323 [2016], lv denied 28 NY3d 931 [2016]; People v McCottery, 90 AD3d 1323, 1325 [2011], lv denied 19 NY3d 975 [2012]). Rather, the testimony was offered as an explanation for the officer's conduct when interacting with defendant (see People v Irby, 140 AD3d at 1323; People v Coker, 121 AD3d 1305, 1306 [2014], lv denied 26 NY3d 927 [2015])[FN2]. Thus, had trial counsel objected to the testimony at trial, such objection would have had little to no likelihood of success and, consequently, counsel cannot be faulted for not making it (see People v Brown, 169 AD3d 1258, 1260 [2019]; People v Pratt, 162 AD3d 1202, 1203 [2018], lv denied 32 NY3d 940 [2018]; People v Stokes, 159 AD3d 1041, 1043 [2018]). Notwithstanding defendant's criticisms, we find that, overall and viewed in totality, defendant's trial counsel provided meaningful representation (see People v Benevento, 91 NY2d at 714-715; People v Nguyen, 90 AD3d 1330, 1335 [2011], lv denied 18 NY3d 960 [2012]).
We similarly find no merit to defendant's contention that his substitute counsel at sentencing was ineffective because he did not advocate more forcefully for a lenient sentence. The record reflects that defendant's sentencing counsel read the presentence investigation report and, contrary to defendant's contention, was familiar with defendant's background. Although sentencing counsel could have specifically highlighted potential mitigating factors for County Court, defendant spoke on his own behalf and requested that the court afford him mercy in rendering sentence. Moreover, the potential mitigating factors raised by defendant on appeal were discernible from the presentence investigation report. Accordingly, under all of the circumstances, counsel's performance at sentencing did not amount to ineffective assistance (see People v Carver, 27 NY3d 418, 421 [2016]).
Defendant's remaining contentions require only brief discussion. Defendant's challenge to the particular corroborating evidence charge issued by County Court is unpreserved (see People v Valdez-Rodriguez, 235 AD2d 627, 629 [1997], lvs denied 89 NY2d 1033, 1041 [1997]). Nevertheless, were we to consider the issue, we would find that the court did not place any undue emphasis on the particular evidence asserted by the People to corroborate defendant's admissions (see People v Adams, 278 AD2d 920, 922 [2000], lv denied 96 NY2d 825 [2001]; People v Valdez-Rodriguez, 235 AD2d at 629; People v Harris, 171 AD2d 882, 883 [1991], lv denied 78 NY2d 955 [1991]). Defendant also failed to preserve his claim that his sentence was imposed as a penalty for exercising his right to a jury trial or that it was otherwise retaliatory or vindictive (see People v Williams, 163 AD3d 1160, 1165 [2018], lvs denied 32 NY3d 1170, 1179 [2019]; People v Haskins, 121 AD3d 1181, 1185 [2014], lv denied 24 NY3d 1120 [2015]). In any event, even if preserved, there is nothing in the record to support such a claim (see People v Pitt, 170 AD3d 1282, 1286 [2019]; People v Speed, 134 AD3d 1235, 1236-1237 [2015], lv denied 27 NY3d 1155 [2016]). To the extent that we have not discussed any of defendant's remaining arguments, they have been examined and found to be lacking in merit.
Lynch, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The indictment also charged defendant with criminal possession of a controlled substance in the seventh degree, but the People withdrew that charge prior to trial.

Footnote 2: Defendant failed to preserve his contention that County Court should have given a limiting instruction to the jury regarding the police officer's testimony (see People v Tucker, 291 AD2d 663, 665 [2002], lv denied 98 NY2d 703 [2002]). In any event, we would find any such error to be harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 238-239 [1975]; People v Kobbah, 168 AD3d 562, 562 [2019]).