■ SIMCHA DIAMOND CORP., Appellant, v BEN WOLFE et al., Individually and Doing Business as 5TH AVENUE ESTATE JEWELRY, et al., Respondents. [679 NYS2d 302] —Order, Supreme Court, New York County (Louise Gans, J.), entered on or about June 9, 1998, unanimously affirmed for the reasons stated by Gans, J., with costs and disbursements. No opinion. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BELL-LOWE, Appellant. [679 NYS2d 302] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered August 12, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

We find that the *Sandoval* ruling permitting limited questioning concerning defendant's two prior felony convictions, each of which was relevant to credibility, was an appropriate exercise of discretion. The court properly balanced the relevant factors. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BRANDLEY, Appellant. [680 NYS2d 212] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered April 28, 1997, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence to establish that defendant, after shoplifting two compact discs from the store, engaged in pushing, fighting, kicking and wrestling in an effort to defeat the security guards' efforts to recover the property, such as to constitute the use of physical force for the purpose of "[p]reventing or overcoming resistance * * * to the retention [of the property] immediately after the taking" (Penal Law § 160.00 [1]). Given that defendant was in possession of the stolen property while he was engaged in such use of force, the jury was entitled to infer that his purpose in using force was to retain control of the stolen property, not merely to escape or defend himself (*People v Thomas [Williams]*, 226 AD2d 120, *lv denied* 88 NY2d 886, 887).

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.