■ The People of the State of New York, Respondent, v Shaun Rychel, Appellant. [728 NYS2d 211] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 5, 2000, convicting defendant following a nonjury trial of the crime of robbery in the third degree.

Defendant was charged in a two-count indictment with robbery in the first degree and grand larceny in the fourth degree. The indictment stemmed from an incident which occurred on July 24, 1999 in the City of Elmira, Chemung County, when defendant and another allegedly stole $106 from the victim by threatening to "cut" him. After completion of discovery and County Court's ruling on his omnibus motion, defendant executed a written waiver of his right to a jury trial and agreed, on the record, to a set of stipulated facts, which were as follows: "That on or about July 24, 1999, the defendant, in the City of Elmira, County of Chemung * * * forcibly stole property from one Gerald Bennett, III consisting of approximately $106.00 in cash. That in the course of this larceny the defendant did threaten the immediate use of a physical force if Gerald Bennett did not comply." Based on these facts, County Court found defendant not guilty of robbery in the first degree, not guilty of grand larceny in the fourth degree and guilty of robbery in the third degree. Defendant was thereafter sentenced as a second felony offender to an indeterminate term of imprisonment of 3 to 6 years, which was the sentence the parties had agreed upon if defendant was found guilty based on the stipulated facts. Defendant appeals.

On appeal, defendant argues that the stipulated facts do not

support his conviction for robbery in the third degree because they present only a conclusion and do not contain a factual basis demonstrating that he forcibly took the money from the victim. He also claims that his sentence was harsh and excessive.

Initially, we note, as the People point out in their brief, that defendant did not challenge the sufficiency of the evidence in the stipulation prior to the imposition of his sentence, therefore resulting in a waiver of his right to raise this issue on appeal (*see, People v Mills*, 103 AD2d 379, 388). Nevertheless, we shall address the merits of defendant's claims.

Penal Law § 160.05 states that "[a] person [is] guilty of robbery in the third degree when he forcibly steals property." In pertinent part robbery is defined as follows:

"Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:

"1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00).

Viewing the stipulation in the light most favorable to the People, as we must (*see, People v Contes*, 60 NY2d 620), we find that the stipulation, whose language contains all the elements of robbery in the third degree, is legally sufficient to support defendant's conviction. The applicable statutes do not require the use or display of a weapon nor actual injury or contact with a victim (*see, People v Zagorski*, 135 AD2d 594, 595). All that is necessary is that there be a threatened use of force (*see, People v Woods*, 41 NY2d 279, 283), which may be implicit from the defendant's conduct or gleaned from a view of the totality of the circumstances (*see, People v Lopez*, 161 AD2d 670, 671, *lv denied* 76 NY2d 860). Defendant admitted the threatened use of force in the stipulation. Additionally, our review of the record reveals further proof which was available to the People to prove their case before a jury, but which was unnecessary in light of the stipulated facts agreed to by defendant.

Finally, we find defendant's claim that his sentence was harsh and excessive wholly without merit. Defendant received the agreed-upon sentence which was within the statutory parameters (*see, People v Bailey*, 265 AD2d 731, 732). Further, upon our review of the record, including the presentence report, we find no abuse of discretion or extraordinary circumstance which would prompt us to disturb the sentence imposed (*see, People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872).

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.