Lumumba **WOODS**, Petitioner,

v.

Walter R. **KELLY**, Superintendent, Attica Correctional Facility, Respondent.

No. 97–CV–5564 (ADS).

United States District Court, E.D. New York.

Jan. 24, 2002.

Lumumba Woods, Dannemora, NY, Petitioner pro se.

Thomas J. Spota, District Attorney of Suffolk County by Susan I. Britman, Asst. District Attorney, Riverhead, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Lumumba Woods ("Petitioner") by his application dated September 8, 1997, seeks a writ of *habeas corpus* from his 1992 conviction in Supreme Court, Suffolk County for Murder in the Second Degree under N.Y. Penal Law § 125.25(3).

In the early morning of July 23, 1991, the Petitioner drove to Amityville, New York, approached the victim and demanded money from him. When the victim refused, the Petitioner took out his loaded sawed-off shotgun, held it to the victim's neck, and shot and killed the victim. The Petitioner then discarded both the weapon and the victim's body in the woods along the Southern State Parkway.

On November 4, 1992, the Petitioner pled guilty to Murder in the Second Degree, in New York State Supreme Court, Suffolk County (Mullen, J.). On December 11, 1992, Justice Mullen sentenced the Petitioner to an indeterminate term of fifteen years to life imprisonment.

The Petitioner then asked his attorney, a representative from Suffolk County Legal Aid Society, to file an appeal claiming

that his plea was invalid because he stated facts inconsistent with the crimes charged. Legal Aid sent several letters to the Petitioner that explained he had no meritorious appeal. On June 16, 1994, Legal Aid filed an *Anders* Brief, *see Anders v. California*, 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to the Appellate Division, Second Department, stating that no valid, non-frivolous appealable issues existed and asked for permission to withdraw from the case. On September 26, 1994, the Appellate Division granted counsel's application to withdraw. *See People v. Woods*, 207 A.D.2d 921, 616 N.Y.S.2d 989 (2d Dept.1994). The Petitioner appealed the decision to the Court of Appeals, who denied leave to appeal on August 20, 1996. *See People v. Woods*, 88 N.Y.2d 997, 649 N.Y.S.2d 404, 672 N.E.2d 630 (1996).

On April 27,1996, the Petitioner moved to vacate the judgment of conviction, pursuant to N.Y.Crim. Proc. § 440.10(h). By decision and order dated June 6, 1996, Justice Mullen denied the Petitioner's motion, finding no merit to the claim that his plea was not knowing and voluntary. Justice Mullen further stated that even if the claim had merit, the Petitioner did not present the issue on direct appeal. The Petitioner sought leave to appeal this decision. On October 16, 1996, the Appellate Division, Second Department, denied his application.

On May 15, 1996, the Petitioner applied for a writ of *error coram nobis*, alleging his appellate counsel was ineffective for submitting an improper *Anders* brief. On September 23, 1996, the Appellate Division, Second Department, denied the Petitioner's application, finding that he failed to established that counsel was ineffective. *See People v. Woods*, 231 A.D.2d 656, 647 N.Y.S.2d 968 (2d Dept.1996). On September 8, 1997, the Petitioner applied for a writ of *habeas corpus* to this Court, alleging that he was denied effective assistance of appellate counsel because his attorney failed to pursue the issue of whether his plea allocution was insufficient.

### *DISCUSSION*

The Petitioner filed this action on September 8, 1997, after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to the Petitioner's case. *See Williams v. Taylor*, 529 U.S. 420, 429, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Under the provisions of Section 2254(d), a *habeas corpus* application must be denied unless the state court's adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A decision is "contrary to" established Federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." *Penry v. Johnson*, 532 U.S. 782, 121 S.Ct. 1910, 1918, 150 L.Ed.2d 9 (2001); citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.*

In order to prevail on an ineffective assistance of counsel claim, a defendant must first show that his counsel performed deficiently and that deficiency caused actual prejudice to his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. This two-prong test applies to the evaluation of appellate counsel as well as trial counsel. *See Clark v. Stinson,* 214 F.3d 315, 318 (2d Cir.2000); *see also Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994). The court must, however, "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

Under New York State law, a death that occurs during the course of a felony, including robbery, constitutes Murder in the Second Degree. *See* N.Y. Penal Law § 125.25(3) (1997). The Petitioner was charged with felony murder, in that the victim was killed during the commission of a predicate felony, namely robbery. The Petitioner argues that the facts he articulated during his plea allocution are insufficient to establish robbery under New York state law. He further claims that because a meritorious issue existed as to the sufficiency of his plea, counsel submitted an inaccurate *Anders* brief. The Petitioner alleges that he failed to allocute facts sufficient to support his plea and the court should not have accepted it: "[w]here at the time of his plea, [Petitioner] related facts inconsistent with which he was charged with, and Judge accepted plea without further inquiry." Petitioner's Brief at 12. Specifically, he appears to

argue that the elements of robbery are not met by the facts in his case. The Petitioner claims that since he did not hold the gun to the victim's neck and simultaneously demand money, he cannot be guilty of robbery, and in turn, felony murder. The Petitioner argues that his appellate counsel was deficient because he did not argue this claim to the appeals court. Upon review of the record, this Court finds no merit to the Petitioner's inadequate plea claim, and thus, no merit to his ineffective assistance of appellate counsel claim.

New York State defines robbery as "forcible stealing," or the "use[ ] or threat[ ] of the immediate use of physical force upon another person for the purpose of . . . preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking." NY Penal Law § 160.00 (1998). Further, "[t]he applicable statutes do not require the use or display of a weapon. . . . All that is necessary is that there be a threatened use of force, which may be implicit from the defendant's conduct or gleaned from a view of the totality of the circumstances." *People v. Rychel,* 284 A.D.2d 662, 663, 728 N.Y.S.2d 211 (3d Dept.2001) (citations omitted).

Here, the Petitioner admitted, in his allocution, that he intended to rob the victim before he arrived at the scene of the incident. The Petitioner stated that he approached the victim, told the victim to get in the back seat of the victim's car and then demanded money from him. When the victim refused, the Petitioner testified that he "pulled [his] gun out" and "poked [the victim] with it . . . in the neck [then] the gun went off." Plea Minutes at 9–10. Clearly, the Petitioner's actions, at the very least, constitute an implied threat of physical force to overcome the victim's resistance to turning over his money. Thus, the Petitioner's conduct fit within the Pe-

nal Law's definition of robbery. Because the victim died during the commission of the robbery, the Petitioner's plea sufficiently established murder in the second degree. Therefore, no valid, non-frivolous issues exist regarding the Petitioner's plea, and his appellate counsel was not ineffective for submitting an *Anders* brief.

### CONCLUSION

For the foregoing reasons, the Court finds that the Petitioner failed to establish that he was denied ineffective assistance of appellate counsel. Accordingly, his application for a writ of *habeas corpus* is DENIED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**