■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRATHER JONES, Appellant. [771 NYS2d 613]—

Spain, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered January 30, 2002, upon a verdict convicting defendant of the crime of robbery in the third degree.

Following a trial, a jury convicted defendant of robbery in the third degree for a January 2001 shoplifting incident at a supermarket in the Town of East Greenbush, Rensselaer County. Sentenced as a second felony offender to a term of 3¹/₂ to 7 years in prison, defendant appeals.

Initially, having been raised for the first time on appeal, defendant's equal protection contention premised upon *Batson v Kentucky* (476 US 79 [1986]) is unpreserved for our review (*see* CPL 470.05 [2]; *see also People v Hopkins*, 76 NY2d 872, 873 [1990]). As no objection was made to the prosecutor's use of peremptory challenges, the record is entirely silent as to the race or ethnicity of the excluded jurors and defendant's claim is not reviewable on this record (*see People v Childress*, 81 NY2d 263, 268 [1993]; *People v Lerrelbouse*, 287 AD2d 314, 314 [2001], *lv denied* 97 NY2d 756 [2002]).

Viewing the evidence adduced at trial in the light most favorable to the People, we find that the People established beyond a reasonable doubt that defendant forcibly stole property during this incident (*see* Penal Law §§ 160.05, 160.00 [1]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant, who testified at trial and admitted that he stole the items, argues that the trial evidence only established petit larceny because the testimony regarding the struggle outside with store personnel immediately after the theft did not establish that his use of physical force was for the purpose of overcoming resistance to the retention of the stolen property (*see* Penal Law § 160.00 [1]). To the contrary, the store's assistant manager testified that after he observed defendant leaving the store without paying for store items stuffed in his jacket, he and the store's loss prevention officer followed defendant outside; when defendant refused to go back inside and grabbed a pole, a struggle ensued during which defendant threatened to "cut up" the assistant manager. Defendant eventually freed himself from their restraint, fled in a car with his accomplice and was apprehended by police minutes later, still in possession of most of the stolen items.

"Given that defendant was in possession of the stolen property while he was engaged in such use of force, the jury was

entitled to infer that his purpose in using force was to retain control of the stolen property, not merely to escape or defend himself" (*People v Brandley* 254 AD2d 185, 185 [1998], *lv denied* 92 NY2d 1028 [1998] [citation omitted]; *see People v Rychel*, 284 AD2d 662, 663 [2001]). "Moreover, the fact that defendant continued to hold onto the stolen items as he fled further undermines his claim that he used force only to free himself . . . ." (*People v McMahon*, 279 AD2d 272, 272 [2001], *lv denied* 96 NY2d 803 [2001]). Additionally, viewing the evidence in a neutral light, we find that the verdict was not against the weight of the evidence (*see People v Bleakley, supra; People v Lane*, 241 AD2d 763, 764 [1997], *lv denied* 91 NY2d 875 [1997]).

We also find lacking in merit defendant's argument that trial counsel's failure to move to set aside the verdict pursuant to CPL 330.30 deprived him of the effective assistance of counsel (*see People v May*, 301 AD2d 784, 786-787 [2003], *lv denied* 100 NY2d 564 [2003]). A review of the record establishes that defendant received active, meaningful representation by counsel who effectively cross-examined the People's witnesses, raised appropriate trial objections and presented a viable defense (*see People v Benevento*, 91 NY2d 708, 715 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Next, in view of his extensive criminal history spanning over four decades, defendant's assertion is unconvincing that the sentence imposed was harsh and excessive. We have considered defendant's remaining contentions, including those raised in his pro se submission, and find that they are either unpreserved or unavailing.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.