■ The People of the State of New York, Respondent, v Stanley Whitted, Appellant. [791 NYS2d 714]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 16, 2002 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the third degree and grand larceny in the fourth degree.

Defendant stands convicted of robbery in the third degree and grand larceny in the fourth degree following a jury trial at

which he represented himself. The charges stem from allegations that he stole money from a stranger and then twice struck that person in an effort to keep the money. Sentenced as a second felony offender to concurrent prison terms, defendant appeals. Finding no merit to any of his contentions raised on appeal, we affirm.

First, we reject defendant's contentions that the verdict was both legally insufficient and against the weight of the evidence. Indeed, the evidence of guilt in this case was compelling. According to the testimony of the victim, on the night of May 1, 2001, defendant approached him on a City of Albany street and asked to borrow a dollar. As the victim removed a wad of bills from his pocket with the intent of giving defendant the only single he had, defendant snatched the wad and ran away. The victim gave chase and a physical altercation ensued during which defendant struck the victim causing him to fall to the ground. Defendant took off again, the victim gave chase again and a second altercation ensued during which defendant again struck the victim causing him to fall to the ground. Two Albany Police Department patrol officers observed defendant punching the victim during this second altercation, immediately intervened and separated the men to investigate. Both then accused the other of taking his money.

The victim, however, was able to identify the precise dollar amount, as well as the exact denomination of the bills that had been taken, namely, nine $100 bills and one single. He was also able to account for how it came to be that he had so much cash on his person that night (i.e., he had cashed his $1,900 monthly disability check that morning, paid several bills and made certain purchases leaving a $901 balance by the end of the day). Defendant, on the other hand, admitted that he had money on his person but stated that he did not know the amount or denomination of the bills. Defendant was arrested and a crumpled-up wad of nine $100 bills and one single was retrieved from his pocket.

Viewing the trial evidence in the light most favorable to the People, a rational jury could indeed have determined beyond a reasonable doubt that defendant committed robbery in the third degree (*see* Penal Law §§ 160.05, 160.00 [1]) and grand larceny in the fourth degree (*see* Penal Law § 155.30 [5]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]). In sum, the credible evidence established that defendant took the victim's money and then used force in an effort to retain it (*see e.g. People v Jones*, 4 AD3d 622 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Banks*, 2 AD3d 226 [2003], *lv denied* 2 NY3d 737 [2004]; *People v*

*Straker*, 291 AD2d 246 [2002], *lv denied* 98 NY2d 713 [2002]; *People v Coleman*, 278 AD2d 891 [2000], *lv denied* 96 NY2d 798 [2001]; *People v Mitchell*, 271 AD2d 266 [2000], *lv denied* 95 NY2d 837 [2000]; *People v Tanner*, 259 AD2d 312 [1999], *lv denied* 93 NY2d 1028 [1999]). Likewise, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see People v Jones, supra*; *see also* CPL 470.15 [5]).

Next, we are unpersuaded by defendant's contention that the indictment was jurisdictionally defective. We will not outline the somewhat complicated procedural history of this case concerning the indictment. Suffice it to say, we find no error in a decision by County Court (Herrick, J.) to reinstate a previously dismissed robbery count and reduce said count to robbery in the third degree (*see* CPL 210.20 [1-a]). Nor do we find an abuse of discretion in Supreme Court's *Sandoval* ruling. In finding that the People could cross-examine defendant on numerous convictions between 1986 and 2000 should he elect to testify, Supreme Court considered all pertinent factors, including the dates of these prior convictions, the similarities between the prior convictions and the charged crimes and the extent to which each conviction related to defendant's veracity, credibility and willingness to put his interests before those of society. Of note, Supreme Court did not permit inquiry into the five oldest convictions sought to be used by the People, a 1990 conviction for criminal possession of stolen property or seven alleged prior bad acts. In sum, the court's *Sandoval* ruling balanced all appropriate factors and was a proper exercise of discretion (*see People v Walker*, 83 NY2d 455, 458-459 [1994]).

We also reject defendant's contention that his waiver of the right to counsel was ineffective. The decision to permit a defendant who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of that right (*see e.g. People v Providence*, 2 NY3d 579, 580 [2004]; *People v Arroyo*, 98 NY2d 101, 103 [2002]; *People v Smith*, 92 NY2d 516, 520 [1998]; *People v Slaughter*, 78 NY2d 485, 491 [1991]). Moreover, given the importance of the right being implicated, a waiver must rest upon a "searching inquiry" by the court (*People v Slaughter, supra* at 491; *accord People v Arroyo, supra* at 103). Our review of the record reveals a detailed and "searching inquiry" by Supreme Court before permitting defendant to proceed pro se.[1] The court inquired about defendant's education, mental and physical conditions,

---

1. Defendant's assigned counsel served as standby counsel throughout trial.

employment history, prior involvement in the criminal justice system and the timing of his decision to represent himself (*see People v Arroyo, supra* at 104; *People v Smith, supra* at 520; *People v McIntyre*, 36 NY2d 10, 17 [1974]).

Although defendant expressed dissatisfaction with his latest assigned public defender, he stated that he did not feel threatened or pressured to represent himself.[2] Moreover, before permitting defendant to proceed pro se, Supreme Court evaluated whether he understood the charges against him, the sequence of trial events, the roles of the judge, jury and prosecutor and his general knowledge of criminal procedure relative to the charges against him. Defendant articulated an understanding of each of these separate matters. Defendant further indicated that he understood that he had a constitutional right to an attorney which he would be waiving by representing himself (*see People v McIntyre, supra*). The court also explained the dangers of self representation in great detail (*see People v Providence, supra* at 584; *People v Slaughter, supra* at 492), which defendant acknowledged, but he maintained his continued desire to proceed pro se. Under these circumstances, we are satisfied that defendant's waiver of counsel, made after a searching inquiry by Supreme Court, was unequivocal, voluntary and intelligent.

Defendant's remaining contentions have been reviewed and rejected as being without merit.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

2. Supreme Court explored the alternative remedy of replacing defendant's attorney for a second time in this case and ruled that there was no objective reason to do so. We find no abuse of the court's discretion in finding that the appointment of substitute counsel was not warranted (*see e.g. People v Linares*, 2 NY3d 507, 510-511 [2004]; *People v Sides*, 75 NY2d 822, 824 [1990]).