(June 15, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ODOM, Appellant. [817 NYS2d 23]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 30, 2004, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of $3^1/_2$ to 7 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The evidence supports the conclusion that after taking money from the victim's purse and jacket, defendant shoved the victim's coworker against a wall in an effort to retain the money while fleeing the location (*see* Penal Law § 160.00 [1]; *People v Brandley*, 254 AD2d 185 [1998], *lv denied* 92 NY2d 1028 [1998]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*People v Hayes*, 97 NY2d

203 [2002]; *People v Walker*, 83 NY2d 455 [1994]). The permitted inquiries were relevant to defendant's credibility and were not unduly prejudicial.

Defendant's challenge to the court's reasonable doubt charge, which requires preservation (*People v Thomas*, 50 NY2d 467, 472 [1980]), absent here, is now rendered academic by the postargument stipulation of the parties, after consultation with the court reporter, that the language in question is indeed a transcription error. As the reporter confirms, the actual charge, quoting from *People v Antommarchi* (80 NY2d 247, 253 [1992]), stated that the "jurors have no obligation to articulate the basis for their doubts." Thus, as the parties agree, the court charged properly.

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.