■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLYMPIA STROUD, Appellant. [865 NYS2d 749]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 15, 2006 in Albany County, upon a verdict convicting defendant of the crime of robbery in the third degree.

Defendant was indicted for the crimes of robbery in the third degree and petit larceny as a result of allegations that she and her husband shoplifted movie DVDs from a Wal-Mart store. Following a trial, defendant was found guilty of robbery in the third degree and sentenced to 2 to 4 years in prison. She now appeals.

Defendant contends that there was legally insufficient evidence to support a finding that she used force to steal the DVDs from the store because the larceny allegedly ended when the DVDs fell out of her husband's jacket onto the ground and any force she may have used thereafter amounted to the uncharged crime of assault rather than robbery. Penal Law § 160.00 (1) states that "[a] person forcibly steals property and commits robbery when, in the course of committing a larceny, he [or she] uses or threatens the immediate use of physical force upon another person for the purpose of . . . [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking."

At trial, the People presented the testimony of a Wal-Mart

employee who, after observing defendant and her husband shoplift the DVDs, approached them as they were exiting the store and demanded the return of the merchandise. As defendant and her husband attempted to push by the employee, they forced the employee out of the store and defendant hit him in the neck with her hand. At that point, defendant's husband took off his jacket, the DVDs fell out of his pocket and defendant and her husband continued to fight with the employee until the police arrived. Upon viewing the evidence in the light most favorable to the People, we conclude that a rational trier of fact could find, beyond a reasonable doubt, that force was used in the course of defendant's effort to retain the stolen DVDs (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v Woodridge*, 30 AD3d 898, 900 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Monroe*, 277 AD2d 598, 599 [2000]; *People v Johnson*, 215 AD2d 590, 590 [1995], *lv denied* 86 NY2d 843 [1995]; *compare People v Dobbs*, 24 AD3d 1043, 1044 [2005]). Further, we are satisfied that the jury afforded proper weight to the evidence in light of testimony regarding defendant's physical response when the employee asked for the return of the DVDs (*see People v Woodridge*, 30 AD3d at 900; *People v Jones*, 4 AD3d 622, 623-624 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Brandley*, 254 AD2d 185, 185 [1998], *lv denied* 92 NY2d 1028 [1998]).

Defendant also contends that the jury was confused by the definition of robbery and, after the jury requested the Penal Law definitions of robbery in the third degree and attempted robbery in the third degree, Supreme Court provided insufficient supplementary instructions. Inasmuch as Supreme Court read the requested definitions and defense counsel twice stated that he had no exceptions, requests or suggestions with regard to the jury's inquiry, the issue is unpreserved for our review (*see* CPL 470.05 [2]; *People v Gilbo*, 52 AD3d 952, 954 [2008]). In any event, were we to consider it, we would find these contentions to be, respectively, speculative and without merit.

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.