■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SYPHRETT, Appellant. [869 NYS2d 422]—

The evidence was legally sufficient to establish that defendant used force to take or retain the property, as required to prove robbery, and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Testimony that defendant bumped a store employee with such "severe force" that she nearly landed on her manager who was walking a half step behind her, and that defendant then grabbed her bag, established a forcible taking (see People v Odom, 30 AD3d 226 [2006], lv denied 7 NY3d 903 [2006]). Additionally, defendant fled with the bag containing nearly $6,000 and displayed a box cutter to the manager, who was pursuing him, at the same time that a passerby grabbed the bag of money from defendant's hand. This supports a conclusion that defendant used force to retain the property rather than merely to escape (see People v Brandley, 254 AD2d 185 [1998], lv denied 92 NY2d 1028 [1998]). The record fails to support defendant's contrary description of the sequence of events.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategy (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). The actions of counsel challenged by defendant on appeal were reasonable strategic decisions. In particular, we see

no reason to fault counsel for pursuing acquittals on all counts and avoiding any line of defense that would have led, at least, to a grand larceny conviction, thus exposing his client to possible sentencing as a discretionary persistent felony offender. In any event, defendant has not established that even if his counsel's actions were unreasonable, they affected the outcome of the case, caused defendant any prejudice or deprived him of a fair trial. Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.