■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON BYNUM, Appellant. [890 NYS2d 217]—

Spain, J.

Defendant was convicted after a jury trial of robbery in the third degree in connection with the theft of watches from a drug store located in the City of Schenectady, Schenectady County. After observing defendant pocketing the watches from a display case in the store, a security guard ordered defendant to stop and empty his pockets. A scuffle ensued and defendant fled out of the store and away in a white vehicle. After the store manager provided the police with the license plate number and photographs of defendant from the store's video surveillance equipment, defendant was apprehended and arrested. He was sentenced to 3 to 6 years of incarceration based on his status as a second felony offender. Defendant now appeals from the judgment of conviction, and we affirm.

Defendant contends that there was legally insufficient evidence that he used force during the commission of a theft or that he possessed stolen property, both essential elements to show a prima facie case of robbery in the third degree (see Penal

Law §§ 160.00, 160.05). Legally sufficient evidence is present when the proof, viewed most favorably to the People, establishes "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see* Penal Law § 70.10 [1]; *People v Hurteau*, 19 AD3d 878, 880 [2005], *lv denied* 5 NY3d 806 [2005]).

Forcible stealing is defined as "us[ing] or threaten[ing] the immediate use of physical force upon another person for the purpose of . . . [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]). "All that is necessary is that there be a threatened use of force, which may be implicit from the defendant's conduct or gleaned from a view of the totality of the circumstances" (*People v Rychel*, 284 AD2d 662, 663 [2001] [citations omitted]). While force merely used in order to escape will not support a robbery, the jury may infer that, when a defendant is in possession of stolen property, the use of such force is to retain control of the property (*see People v Jones*, 4 AD3d 622, 623-624 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Brandley*, 254 AD2d 185 [1998], *lv denied* 92 NY2d 1028 [1998]).

Here, the security guard testified that when he instructed defendant to empty his pockets, defendant produced two watches of a brand sold at the store, still in their packaging. When ordered to empty his remaining pockets, defendant attempted to leave the store and the scuffle ensued. The security guard further testified that, at one point, defendant attempted to strike him with a fist and that when he "got scared and felt he was going to [get hurt]" he let defendant go. This testimony was corroborated by the testimony of a cashier and a pharmacist who witnessed the altercation. Further, testimony was introduced that four other watches—unpackaged, of a brand consistent with those sold at the store and apparently new—were found in defendant's possession after he was apprehended. Viewed in the light most favorable to the People, permissible inferences could lead a rational person to the conclusion reached by the jury that defendant used force or at least the threat of force in order to retain control of the watches thus satisfying the proof and burden requirements for robbery in the third degree (*see People v Whitted*, 16 AD3d 905, 906 [2005], *lv denied* 4 NY3d 892 [2005]; *People v Jones*, 4 AD3d at 623-624; *People v Rychel*, 284 AD2d at 663).

Moreover, the foregoing evidence, coupled with proof that the security guard recovered two packaged watches from defendant and that two empty packages were later found on the floor near the watch display that were identified as the packaging appropriate for two of the unpackaged watches found in defendant's possession, is sufficient to sustain the jury's conclusion that defendant was knowingly in possession of stolen property (*see People v Albanese*, 38 AD3d 1015, 1016-1017 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Whitted*, 16 AD3d at 906). Likewise, upon the exercise of our factual review power, we reject defendant's arguments that the verdict was against the weight of the credible evidence (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *People v Lopez-Aguilar*, 64 AD3d 1037, 1037 [2009]).

Defendant's remaining contentions are without merit. Specifically, we hold that defendant was not deprived of the effective assistance of counsel. Contrary to defendant's assertions, defense counsel adequately raised sufficiency arguments in his motion to dismiss the indictment following the close of the People's case. We perceive no error in defense counsel's decision not to request that County Court poll the jury after the verdict; we also find that defense counsel's comment to the court during a side-bar discussion that "defendant has been moaning for 20 minutes that he needs a bathroom break," although somewhat unprofessional, did not render his trial unfair. Indeed, defense counsel filed appropriate motions, engaged in thorough cross-examination of the People's witnesses and proffered a cogent trial theory. Accordingly, viewing this case in its totality, counsel offered meaningful representation (*see generally People v Baldi*, 54 NY2d 137 [1981]; *see People v Echavarria*, 53 AD3d 859, 864 [2008], *lv denied* 11 NY3d 832 [2008]; *People v Jones*, 47 AD3d 961, 964-965 [2008], *lv denied* 10 NY3d 812 [2008]).

Finally, defendant's claim that he was improperly sentenced as a second felony offender because he was not informed of his rights under CPL 400.21 is not preserved for review as defendant failed to controvert the legitimacy of his prior conviction at sentencing or to move to vacate the sentence (*see People v Proctor*, 79 NY2d 992, 994 [1992]; *People v Oliver*, 63 NY2d 973, 974-975 [1984]; *People v Willis*, 3 AD3d 793, 794 [2004], *lv denied* 2 NY3d 766 [2004]). Further, inasmuch as we find that there was substantial compliance with the statute, we decline to invoke our interest of justice jurisdiction to modify the sentence (*see* CPL 470.15 [3] [c]; [6] [a]; *People v Johnson*, 24 AD3d 967, 969 [2005], *lv denied* 6 NY3d 814 [2006]; *People v Booker*, 280

AD2d 785, 786 [2001], *lv denied* 96 NY2d 916 [2001]; *People v Polanco*, 232 AD2d 674, 675 [1996]).

Cardona, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.