(June 24, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RICHARD YERKES, Appellant. [905 NYS2d 672]—

Appeal from a judgment of the County Court of Ulster County
(Vogt, J.), rendered February 26, 1991, convicting defendant
upon his plea of guilty of the crime of conspiracy in the second
degree.

In 1991, defendant pleaded guilty to conspiracy in the second
degree in full satisfaction of an indictment charging him with
this crime. Under the terms of the plea agreement, he was to be
sentenced to 2 to 6 years in prison. County Court, however,
admonished defendant that if he did not appear for sentencing,
he would be sentenced to the maximum authorized term of
imprisonment. Defendant absconded from the jurisdiction and
did not appear for sentencing. As a result, he was sentenced in
absentia to the maximum term of imprisonment of 8$^{1}/_{3}$ to 25
years. He now appeals.

Initially, we note that enhancement of the sentence was justi-
fied given defendant's clear violation of the condition of the plea
agreement that he appear for sentencing (see People v Bove, 64
AD3d 812, 812-813 [2009], lv denied 13 NY3d 858 [2009]; People
v Favor, 49 AD3d 915, 915 [2008]). Notably, defendant not only
failed to appear for sentencing, but he absconded from the juris-
diction and lived in a number of different states over the course
of a 15-year period until he was finally located and returned to
New York in 2006. We find no merit to defendant's claim that
the enhanced sentence is harsh and excessive. Defendant was
fully aware of the consequences of his failure to appear at
sentencing and had a criminal record dating back to 1979 (see
e.g. People v Diaz, 264 AD2d 879 [1999], lv denied 94 NY2d 879
[2000]). Therefore, we find no extraordinary circumstances nor
any abuse of discretion that would warrant reducing the
sentence in the interest of justice (see People v Thomas, 56 AD3d
815, 816 [2008]; People v Shaw, 51 AD3d 1062, 1063 [2008], lv
denied 10 NY3d 964 [2008]).

Spain, J.P., Rose, Lahtinen, McCarthy and Garry, JJ., concur.
Ordered that the judgment is affirmed.