■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANICE K. HORTON, Appellant. [964 NYS2d 757]—

Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered December 6, 2010, upon a verdict convicting defendant of the crimes of robbery in the second degree and petit larceny.

In March 2009, defendant entered a department store in the City of Binghamton, Broome County, placed numerous items in a shopping cart and in her purse, and then left the store without paying for them. The store's loss prevention officer observed defendant stealing items and followed her into the parking lot where codefendant Robert W. Laman had parked his vehicle. At that point, the loss prevention officer asked for the return of the merchandise and that defendant come with him. A scuffle ensued, the result of which was that the shopping cart and purse were left in the parking lot and defendant fled in Laman's vehicle. Defendant was thereafter charged with robbery in the first degree, robbery in the second degree and petit larceny. Following a jury trial, defendant was found guilty of robbery in the second degree and petit larceny and was sentenced to an aggregate prison term of $3^{1}/_{2}$ years followed by five years of postrelease supervision. Defendant now appeals.

Defendant argues that her conviction of robbery in the second degree was not supported by legally sufficient evidence and was against the weight of the evidence. As is relevant here, "[a] person is guilty of robbery in the second degree when he [or she] forcibly steals property" and is "aided by another person actually present" (Penal Law § 160.10 [1]). At trial, the People presented evidence that defendant struggled with the loss prevention officer over the shopping cart filled with stolen items and hit him with her purse, which was also filled with stolen items, before fleeing the scene. Inasmuch as defendant was in possession of stolen items while engaged in a struggle with the loss prevention officer, it may reasonably be inferred that her use of force was an attempt to retain the stolen items (see People v Bynum, 68 AD3d 1348, 1349 [2009], lv denied 14 NY3d 798 [2010]; People v Stroud, 55 AD3d 1047, 1048 [2008]; People v Jones, 4 AD3d 622, 623-624 [2004], lv denied 2 NY3d 801 [2004]). The evidence adduced at trial further established that defendant and Laman planned to steal several hundred dollars worth of items from the department store and that Laman drove defendant to the store for that purpose. Laman waited outside the store in his vehicle ready to drive defendant and the stolen items away, attempted to open the trunk for defendant as she approached the vehicle with the stolen items, was present dur-

ing defendant's scuffle with the loss prevention officer and drove defendant away from the scene. These facts are legally sufficient to establish that Laman provided assistance to defendant during the commission of the crime (*see People v Hedgeman*, 70 NY2d 533, 543 [1987]; *People v Washington*, 283 AD2d 661, 661-662 [2001]; *People v Casmento*, 155 AD2d 229, 229 [1989], *lv denied* 75 NY2d 768 [1989]; *compare People v Coleman*, 5 AD3d 956, 957-958 [2004], *lv denied* 3 NY3d 638 [2004]).

Accordingly, viewing the evidence in the light most favorable to the People, we find that there was legally sufficient proof of each element of the crime of robbery in the second degree to sustain defendant's conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Bynum*, 68 AD3d at 1349). Inasmuch as a different verdict would not have been unreasonable, we have also considered the evidence in a neutral light and, according deference to the jury's credibility determinations, weighed the probative strength of the conflicting evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Mathis*, 60 AD3d 1144, 1146 [2009], *lv denied* 12 NY3d 927 [2009]). Having done so, we find that the verdict was not contrary to the weight of the evidence and must be upheld.

Rose, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.