(July 31, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAZEL E. GORDON, Appellant. [990 NYS2d 728]—

Garry, J. Appeal (upon remittal from the Court of Appeals) from a judgment of the Supreme Court (Lamont, J.), rendered April 23, 2010 in Albany County, upon a verdict convicting de-

fendant of the crimes of robbery in the first degree, robbery in the second degree (two counts) and assault in the second degree.

This matter arises from a 2009 incident at a shopping mall in the Town of Colonie, Albany County. Following the prior decision of this Court (101 AD3d 1158 [2012]), the Court of Appeals granted leave to appeal and, finding the evidence legally sufficient, reinstated defendant's convictions for robbery in the first degree and robbery in the second degree (two counts), remitted the case for our consideration of the facts relative to these convictions, and, as so modified, affirmed (23 NY3d 643 [2014]). Accordingly, we must resolve defendant's contention that the robbery convictions are against the weight of the evidence.

Where, as here, an acquittal would not have been unreasonable, this Court must view the evidence in a neutral light and weigh the probative force of the conflicting testimony and any rational inferences that may be drawn from the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Dean*, 70 AD3d 1193, 1194 [2010]). At trial, a loss prevention officer for a department store in the mall testified that he became suspicious when, using security cameras, he saw defendant remove two pairs of earrings from a display rack and hide them among clothing in her arms. After directing a second loss prevention officer to follow defendant and her female companion, the first officer saw defendant remove the packaging in which the earrings were displayed and drop it on the floor; her companion did the same with a third pair of earrings. The second officer testified that he retrieved the three pieces of packaging from the floor, and they were later introduced into evidence. Both officers continued to observe the women as they moved through various areas of the store and were joined by defendant's teenage son. When the group exited the store, the second officer followed them, identified himself, and asked defendant to return because she had merchandise that had not been paid for. Defendant became irate, denied stealing anything, and began pounding on the second officer's chest with closed fists. When the first officer arrived, she pulled two pens from her bag, swiped them at the officers as if to stab them, and threatened to kill them. The officers backed off, called police, and followed the group to the mall exit. There, another confrontation occurred in which defendant's son pulled a knife and then fled, pursued by the first officer, who saw him tossing items from his pockets into a nearby cemetery. The second officer chased the women to defendant's car, where the fracas continued as defendant again swiped at him with pens and injured a store employee by swerving her car toward him as

she drove away; defendant was ultimately subdued by police with a taser. Defendant, her companion and her son, as well as defendant's car and the pursuit area, were all searched, but no stolen property was ever recovered. In addition to the officers' testimony and that of other witnesses, the jury also saw extended security camera footage depicting defendant's actions inside the store and part of the altercation thereafter.

For purposes of charges of robbery in the first or second degree, a defendant commits forcible stealing when, during the commission of a larceny, he or she uses or threatens the immediate use of force against a person in order to "[p]revent[ ] or overcom[e] resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]; see Penal Law §§ 160.10 [1], [2] [a]; 160.15 [3]). As the Court of Appeals has recently instructed, recovery of the property is not necessarily required to support a conviction, and whether a defendant's intent in using force was to retain possession of stolen property is a question of fact that may be answered based upon reasonable inferences drawn from his or her conduct and the surrounding circumstances (23 NY3d at 643, 650-651). Where an inference of intent is not unreasonable, it is "within the exclusive domain of the finders of fact, not to be disturbed by [a reviewing court]" (People v Bueno, 18 NY3d 160, 169 [2011] [internal quotation marks and citation omitted]; see People v Smith, 79 NY2d 309, 314-315 [1992]). Here, upon consideration of the reasonable inferences to be drawn from the evidence and testimony regarding defendant's suspicious actions in the store and aggressive conduct immediately thereafter, and according appropriate deference to the jury's factual assessments and credibility determinations, we find that the verdict was not contrary to the weight of the evidence (compare People v Horton, 106 AD3d 1192, 1194 [2013], lv denied 21 NY3d 1016 [2013]; People v Fisher, 52 AD3d 1120, 1120-1121 [2008], lv denied 11 NY3d 832 [2008]).

Stein, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.