*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                    103523
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

HAZEL E. GORDON,
                        Appellant.
_____

Calendar Date:  October 19, 2012

Before:  Stein, J.P., Garry, Egan Jr., Devine and Clark, JJ.

_____

        Aaron A. Louridas, Delmar, for appellant.

        P. David Soares, District Attorney, Albany (Kenneth C.
Weafer of counsel), for respondent.

_____

Garry, J.

        Appeal (upon remittal from the Court of Appeals) from a
judgment of the Supreme Court (Lamont, J.), rendered April 23,
2010 in Albany County, upon a verdict convicting defendant of the
crimes of robbery in the first degree, robbery in the second
degree (two counts) and assault in the second degree.

        This matter arises from a 2009 incident at a shopping mall
in the Town of Colonie, Albany County.  Following the prior
decision of this Court (101 AD3d 1158 [2012]), the Court of
Appeals granted leave to appeal and, finding the evidence legally
sufficient, reinstated defendant's convictions for robbery in the
first degree and robbery in the second degree (two counts),
remitted the case for our consideration of the facts relative to
these convictions, and, as so modified, affirmed (___ NY3d ___,

2014 NY Slip Op 04227 [2014]).  Accordingly, we must resolve
defendant's contention that the robbery convictions are against
the weight of the evidence.

Where, as here, an acquittal would not have been
unreasonable, this Court must view the evidence in a neutral
light and weigh the probative force of the conflicting testimony
and any rational inferences that may be drawn from the evidence
(see People v Danielson, 9 NY3d 342, 348 [2007]; People v Dean,
70 AD3d 1193, 1194 [2010]).  At trial, a loss prevention officer
for a department store in the mall testified that he became
suspicious when, using security cameras, he saw defendant remove
two pairs of earrings from a display rack and hide them among
clothing in her arms.  After directing a second loss prevention
officer to follow defendant and her female companion, the first
officer saw defendant remove the packaging in which the earrings
were displayed and drop it on the floor; her companion did the
same with a third pair of earrings.  The second officer testified
that he retrieved the three pieces of packaging from the floor,
and they were later introduced into evidence.  Both officers
continued to observe the women as they moved through various
areas of the store and were joined by defendant's teenage son.
When the group exited the store, the second officer followed
them, identified himself, and asked defendant to return because
she had merchandise that had not been paid for.  Defendant became
irate, denied stealing anything, and began pounding on the second
officer's chest with closed fists.  When the first officer
arrived, she pulled two pens from her bag, swiped them at the
officers as if to stab them, and threatened to kill them.  The
officers backed off, called police, and followed the group to the
mall exit.  There, another confrontation occurred in which
defendant's son pulled a knife and then fled, pursued by the
first officer, who saw him tossing items from his pockets into a
nearby cemetery.  The second officer chased the women to
defendant's car, where the fracas continued as defendant again
swiped at him with pens and injured a store employee by swerving
her car toward him as she drove away; defendant was ultimately
subdued by police with a taser.  Defendant, her companion and her
son, as well as defendant's car and the pursuit area, were all
searched, but no stolen property was ever recovered.  In addition
to the officers' testimony and that of other witnesses, the jury

also saw extended security camera footage depicting defendant's actions inside the store and part of the altercation thereafter.

For purposes of charges of robbery in the first or second degree, a defendant commits forcible stealing when, during the commission of a larceny, he or she uses or threatens the immediate use of force against a person in order to "[p]revent[] or overcom[e] resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]; see Penal Law §§ 160.10 [1], [2] [a]; 160.15 [3]). As the Court of Appeals has recently instructed, recovery of the property is not necessarily required to support a conviction, and whether a defendant's intent in using force was to retain possession of stolen property is a question of fact that may be answered based upon reasonable inferences drawn from his or her conduct and the surrounding circumstances (2014 NY Slip Op 04227 at *5). Where an inference of intent is not unreasonable, it is "within the exclusive domain of the finders of fact, not to be disturbed by [a reviewing court]" (People v Bueno, 18 NY3d 160, 169 [2011] [internal quotation marks, brackets and citations omitted]; see People v Smith, 79 NY2d 309, 314-315 [1992]). Here, upon consideration of the reasonable inferences to be drawn from the evidence and testimony regarding defendant's suspicious actions in the store and aggressive conduct immediately thereafter, and according appropriate deference to the jury's factual assessments and credibility determinations, we find that the verdict was not contrary to the weight of the evidence (compare People v Horton, 106 AD3d 1192, 1194 [2013], lv denied 21 NY3d 1016 [2013]; People v Fisher, 52 AD3d 1120, 1120-1121 [2008], lv denied 11 NY3d 832 [2008]).

Stein, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court