People v Bullett (2021 NY Slip Op 04516)





People v Bullett


2021 NY Slip Op 04516


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

111094
[*1]The People of the State of New York, Respondent,
v
Craig D. Bullett, Appellant.

Calendar Date:June 17, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Michael T. Baker, Public Defender, Binghamton (Jake Buckland of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered September 10, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
On August 22, 2006, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree. Under the terms of the plea agreement, defendant was to be sentenced, as a second felony offender, to four years in prison, to be followed by three years of postrelease supervision. At the initial sentencing hearing, County Court (Smith, J.) granted defendant's request to adjourn sentencing until January 19, 2007. In granting the request, County Court advised defendant that if he failed to appear for sentencing, the court would impose the maximum eight-year prison sentence. Defendant failed to appear at sentencing and County Court issued a bench warrant. In September 2018, after living in Washington for over 11 years, defendant returned to New York and appeared before County Court (Cawley Jr., J.) for sentencing. County Court sentenced defendant, as a second felony offender, to 5½ years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant's contention that County Court erred in sentencing him without an updated presentence investigation report is unpreserved for our review, as he failed to request an updated report, raise the objection at sentencing or move to vacate the sentence (see People v Nolan, 133 AD3d 1040, 1041 [2015]; People v Alexander, 110 AD3d 1111, 1111 [2013], lv denied 22 NY3d 1154 [2014]; People v Ruff, 50 AD3d 1167, 1168 [2008]). Defendant's remaining claim, that his sentence is harsh and excessive, is unpersuasive. The sentence imposed was less than the eight-year maximum sentence that he was advised would be imposed if he failed to appear for his initial sentencing. Considering defendant's criminal history and the fact that he absconded for almost 12 years, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Wheeler, 159 AD3d 1138, 1144 [2018], lv denied 31 NY3d 1123 [2018]; People v Rivers, 130 AD3d 1092, 1092-1093 [2015]; People v Yerkes, 74 AD3d 1632, 1632 [2010]).
Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.