People v Gueye (2021 NY Slip Op 06889)





People v Gueye


2021 NY Slip Op 06889


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

112173 112285
[*1]The People of the State of New York, Respondent,
v
Elhadj Gueye, Appellant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Carolyn B. George, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Egan Jr., J.
Appeals (1) from a judgment of the County Court of Albany County (Carter, J.), rendered July 3, 2018, convicting defendant following a nonjury trial of the crime of attempted robbery in the third degree, and (2) from a judgment of the Supreme Court (Breslin, J.), rendered January 17, 2020 in Albany County, which revoked defendant's probation and imposed a sentence of imprisonment.
Following a March 2017 incident in which defendant accosted the victim at a City of Albany bus stop, defendant was charged in an indictment with attempted robbery in the third degree. Defendant waived his right to a jury trial and, at the conclusion of the bench trial that ensued, was found guilty as charged. County Court sentenced him to five years of probation. Defendant was charged in August 2019 with violating the terms of his probation in various respects, after which he waived a hearing and admitted to certain violations. County Court adjourned sentencing upon the understanding that defendant would continue on probation with modified conditions, that he would be restored to probation if he complied with those conditions and that, if he did not, he faced a sentence of incarceration. Defendant then violated the terms of his probation by, among other things, being arrested on a new charge in December 2019. He appeared before Supreme Court for resentencing, which revoked his probation and sentenced him to a prison term of 1 to 3 years. Defendant appeals from both the judgment of conviction and the judgment resentencing him to a term of imprisonment.
We affirm. Defendant initially argues that his conviction is not supported by legally sufficient evidence, focusing in particular upon the proof that he attempted to "forcibly steal[] property" as required to commit attempted robbery in the third degree (Penal Law § 160.05). An attempt requires nothing more than intending to commit a crime while engaging in "conduct which tends to effect [its] commission" (Penal Law § 110.00), while forcible stealing demands only "a threatened use of force [to take or keep property], which may be implicit from the defendant's conduct or gleaned from a view of the totality of the circumstances" (People v Rychel, 284 AD2d 662, 663 [2001]; accord People v Bynum, 68 AD3d 1348, 1349 [2009], lv denied 14 NY3d 798 [2010]; see Penal Law § 160.00 [1]).
At trial, it was undisputed that defendant and the victim were riding the same bus to Albany and that they had no interaction before or during the trip. The victim testified that he mentioned to a friend that he had cash on him as they were exiting the bus, after which they crossed the street to catch a connecting bus. Surveillance video shows defendant following the victim across the street, approaching him from behind, putting him in a chokehold and trying to throw him to the ground. The victim broke free and backed away from defendant, who continued to advance upon him, and the victim testified as to how defendant repeatedly demanded [*2]that he "turn out [his] pockets and" turn over his valuables. A bus then partially blocked the line of sight between the video camera and the two men, but the victim testified that defendant grabbed him again and only left after a bystander intervened and threatened to call police. The victim added that he suffered a separated shoulder as a result of the force used by defendant during their encounter. Viewing the foregoing proof "in the light most favorable to the People, we conclude that it established that defendant used the requisite amount of force for the purpose of preventing or overcoming the resistance to his [attempted theft] and was thus sufficient to support his conviction of [attempted] robbery in the third degree" (People v Woodridge, 30 AD3d 898, 900 [2006], lv denied 7 NY3d 852 [2006]; see People v Fisher, 52 AD3d 1120, 1120-1121 [2008], lv denied 11 NY3d 832 [2008]; People v Rychel, 284 AD2d at 663).
Defendant further suggests that the verdict was against the weight of the evidence, pointing to discrepancies in the victim's account over time and defendant's own testimony that he wanted to see if the victim had a flash drive that he had lost earlier in the day. He admitted that he never saw the victim in the computer lab where he lost that flash drive, however, and his supposedly benign intentions were belied by both his aggressive behavior and the testimony that he demanded the victim's valuables. Thus, even accepting that a different verdict would not have been unreasonable, after viewing the trial evidence in a neutral light and deferring to County Court's credibility determinations, we are satisfied that its verdict was not against the weight of the evidence (see People v Young, 152 AD3d 981, 982 [2017], lv denied 30 NY3d 955 [2017]; People v Fisher, 52 AD3d at 1122).
Defendant's remaining contentions do not demand extended discussion. To the extent that he challenges the adequacy of either the probation violation petition or the addendum addressing his subsequent behavior, he failed to preserve such by raising an appropriate objection before County Court or Supreme Court (see People v Deming, 171 AD3d 1400, 1401 [2019], lv denied 33 NY3d 1104 [2019]; People v Hill, 148 AD3d 1469, 1470 [2017], lv denied 29 NY3d 1080 [2017]). The same is true for defendant's contention that a hearing was required at some point prior to resentencing; in any event, the contention lacks merit given that he admitted to violating the terms of his probation as alleged in the petition and was afforded an opportunity to respond regarding the undisputed fact of his subsequent arrest before resentencing (see People v McMillan, 166 AD3d 1231, 1232 [2018]; People v McDevitt, 97 AD3d 1039, 1040-1041 [2012], lvs denied 20 NY3d 987 [2012]). Finally, defendant's assertion that Supreme Court abused its discretion in failing to order an updated presentence report prior to resentencing him is unpreserved for our review (see People v Bullett, 196 AD3d 973[*3], 973 [2021], lv denied 37 NY3d 1059 [2021]; People v Nolan, 133 AD3d 1040, 1041 [2015]; People v Crowell, 119 AD3d 1163, 1164 [2014], lv denied 24 NY3d 1083 [2014]).
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgments are affirmed.